## *The President, Directors and Company of the Bank of the United States *against* Edward Russel and Jeremiah Boone.

An alteration of the date of a promissory note by payee, whereby the time of pay-ment is retarded, and afterwards discounted with innocent persons by the payee on indorsing it, avoids the note.

THE plaintiffs declared on two counts.    1st.  On the defend-ants' promissory note, dated 9th June 1798.    2d.  On another note dated 19th June 1798.

On a trial this term, the jury found the following special ver-dict.    The jury, &c. say,

That Edward Russel and Jeremiah Boone, the defendants, did on the 9th day of June 1798, draw and sign a certain prom-issory note, being the same note stated in the first count in the plaintiff's declaration, bearing the same date, for the sum of 1500 dollars, payable to a certain Joseph Thomas, or his order, at 60 days after date, which note was delivered to the said Joseph Thomas and by him indorsed, but whether the said indorsement was before or after the alteration of the date hereafter mention-ed, the jury do not find.

And the said jurors further find, that on the 21st day of June, in the same year, the said Joseph Thomas applied to the plaint-iffs in the usual course of business to have the same discounted, and on the 22d day of June in the same year, the plaintiffs dis-counted the same, and paid or credited to the said Joseph the sum of          being the full amount of the said note, deducting the discount therefrom.    That at the time the said note was so discounted, the note had been altered from its original date by the said Joseph Thomas, without the knowledge, consent or ap-probation of the defendants, so as to purport to be dated the 19th day of June.    That the plaintiffs were ignorant of the said alteration, and had no reason to believe that it had borne any other date than the 19th day of June.    That on the 21st day of August 1798, the plaintiffs applied at the counting house of the defendants for payment, but they were then absent from the city, on account of the yellow fever.    That Joseph Thomas, the indorser, is insolvent, and absconded from his usual resi-dence on the 3d day of August 1798, and has not since been heard of.    That at the time of giving the said note, the defend-ants received from the said Joseph Thomas a note, dated the 9th day of June 1798, for 1500 dollars, payable to the defend-ants at 60 days after date, which was intended as a counter note to secure the defendants, which same note the defendants having indorsed and had discounted, have since been obliged to take up.    And that the said note, so given by the said Russel and *Boone to the said Joseph Thomas was an accommoda-tion by them to the said Joseph Thomas.

*392]

If upon these facts, the law is in favour of the plaintiffs, then

the jury find for the plaintiffs, and assess damages at      dollars ; but if the law is in favour of the defendants, then the jury find for the defendants.

Mr. Tilghman for the defendants barely cited the case of Master et al. *v.* Miller, 4 Term Rep. 320, which was affirmed on error in the Exchequer Chamber. 2 H. Bla. 141.   The authority of that case is conclusive on the point in question.

Messrs. Lewis and Rawle for the plaintiffs contented themselves with observing, that this case differs from that relied on. There an erasure was made on the date of a bill of exchange after acceptance, whereby the payment of the bill would be accelerated.   But here an alteration of the date of the note was made, whereby the payment would be retarded.   The reasoning of Judge BULLER in B. R. was replete with good sense ; but they candidly admitted, that the principle of decision adopted by the majority of the court, applied to the principal case.

BY THE COURT.   It cannot be questioned, that the material alteration of a deed will render it of no effect, and this rule is equally applicable to bills of exchange and promissory notes. The remark is certainly correct, that more dangerous consequences would result from permitting alterations on bills and notes than on deeds, the former being more readily susceptible of alteration than the latter, to which the names of witnesses are uniformly subscribed.

Judgment for the defendants.