# LOW VS. MERRILL.

1. ALTERATION OF NOTE. The date of a promissory note is material, and if altered without the maker's consent, the note is vitiated, and it makes no difference whether the time of payment is accelerated or extended by the alteration.

2. BURDEN OF PROOF. If a promissory note appears upon its face to have been altered, it is for the holder to prove, and not for the maker to disprove, that it was altered under circumstances that will make it available, and unless he adduces evidence to explain the alteration, it is proper for the jury to find for the defendant.

3. EVIDENCE. The identity of the note declared upon is a question for the jury, and testimony upon that subject, and to explain any alteration or suspicious appearance of the note should be received.

4. SAME. If a note has been altered in a material part, it is inadmissible in evidence for any purpose, unless to defeat a claim on the ground of fraud, or to establish usury, or to convict a party of a crime.

5. SAME. Where the promissory note offered in evidence appears on its face to have been altered, and the defendant has not denied its execution under oath, still the plaintiff must prove that the alteration was made with the consent of the defendant, before it can be read to the jury.

6. PLEADING—DENIAL OF EXECUTION. Although the defendant does not deny the execution of the note under oath, he does not waive any other legal defense, and his plea puts in issue the identity of the note declared upon.

ERROR to the District court for *Dane* County.

This was an action of assumpsit, commenced by *Merrill* against *Low*, in the Dane county district court.

The declaration contained two counts upon two several promissory notes; one for $1,215.68, dated April 7, 1842, and the other for $300, dated April 14, 1838, payable ninety days after date. The defendant pleaded the general issue, but did not deny the execution of either of the notes under oath. At the trial of the cause, the plaintiff offered the following promissory note in support of one of the counts of his declaration:

" $300. For value received, I promise to pay to *Henry Merrill*, or order, the sum of three hundred dollars with interest, ninety days after date.

(Signed)        "<i>G. LOW.</i>"

"Fort Winnebago,
[March 24, 1838.]
" April 14, 1838."

It appeared on the face of the note, that the original date, March 24, 1838, had been marked with a pen so as to be partly obliterated, and immediately under it was written, " April 14, 1838." The defendant objected to the note as evidence, unless the plaintiff should first prove that the date was altered before it was signed, or afterward, with the consent of the defendant. The court overruled the objection, and permitted the note to be read to the jury. The defendant then offered to prove that the note had been altered by the plaintiff after it was executed without the consent of the defendant, but the court refused to permit him to prove these facts. The jury returned a verdict in favor of the plaintiff for the amount of both notes and interest, upon which the court rendered judgment.

*Chauncey Abbott* and *Edward V. Whiton*, for plaintiff in error.

[1]One of the notes upon which the verdict was founded showed upon its face that it had been altered in its date, and it became necessary for the plaintiff to prove that the

alteration had been made with the consent of the defendant, before he could be allowed to read it in evidence. Chitty on Bills, 212; *Johnson v. The Duke of Marlborough*, 3 Starkie, 313 ; 5 Bing. 183.

The alteration of a note in a material part, without the consent of the maker, invalidates the note. Chitty on Bills, 204 ; 1 Chitty's Plead. 213; *Masters v. Miller*, 4 Term, 350 ; 2 H. Bl. 141 ; 15 East, 29 ; 1 Taunt. 20 ; *Bank of the United States v. Russel et al.*, 3 Yeates, 371 ; 3 Cranch, 37.

When a note has been thus altered in a material part, it is inadmissible in evidence for any purpose whatever, in favor of the holder. *Jardin v. Payne*, 1 Barn. and Ad. 617 ; 7 B. & C. 416.

*Field & Botkin*, for defendant in error, contended that the defendant should have denied the execution of the note under oath, according to the statute, before any proof could be required of the plaintiff in respect to the alleged alteration, and that he could not have the benefit of the defense insisted upon without such denial.

MILLER, J. This was an action of assumpsit in the district court for Dane county, on two promissory notes, given by *Gideon Low*, the defendant in this cause, to *Henry Merrill*, the plaintiff therein. The defendant pleaded the general issue, but did not file an affidavit with his plea, denying the signature to, or execution of said notes. When one of the notes was offered to be read in evidence to the jury, it appeared to have been altered in the date, thus : "March 14, 1838," had been first written as the date, and the word "March" and the figures "14" were partly obliterated or defaced, and underneath the first date, "April 14, 1838," was written. The defendant then objected to the reading of the note so altered, in evidence, unless the plaintiff showed that the said alteration had been made before the said note was signed and executed by the defendant, or afterward with

his permission; which objection was overruled by the court, and the note allowed to be read in evidence.

The defendant then offered to prove that the date of said note had been altered by the plaintiff, after it had been signed and executed, and without his consent or permission, which said offer of defendant was overruled by the court.

The declaration charges the note to have been given on the 14th day of April, 1838, which the defendant by his plea denied. In every written instrument, the day laid is material and must be proved as laid, when the action is brought on the instrument itself. 2 Peake, 196. If the plaintiff had proven the note to have been given on the 14th of March, it would certainly not be the identical note the defendant had given, as laid in the declaration. It is through the note the plaintiff has a right of action; and it is the only medium by which he can recover. The question raised by the issue was, whether or not the defendant promised in the form stated in the declaration; and the substance of the plea is, that according to that form he is not bound or did not promise.

It is conceded that the date of a note is material; and an alteration of the date is an alteration of a material part, which vitiates it, if done without the maker's consent. Chitty on Bills, 204; *Bank of the United States v. Russell*, 3 Yeates, 391; *Masters v. Miller*, 2 H. Black. 141. And the principle is the same whether the day of payment is thereby accelerated or extended. *Stephens v. Graham*, 7 Serg. & R. 505. To insure the identity, and to prevent the substitution of one instrument for another, is the foundation of the rule, which is necessary to prevent tampering with written instruments.

In Chitty on Bills, 212, it is stated, "that with respect to bills and notes, and other negotiable securities, the rule has been laid down, namely, that if the instrument appear on its face to have been altered, it is for the holder to prove, and not for the maker to disprove, that it was altered under circumstances which will make it

available." It is incumbent on the plaintiff to account for a suspicious form or obvious alteration of a note, and unless the plaintiff adduces evidence to explain the alteration, it is proper for the jury to find for the defendants. *Johnson v. The Duke of Marlborough*, 2 Starkie, 263. The identity of the note is a question for the jury, and testimony upon that subject, and to explain any alteration or suspicions, should certainly be received. *Bunker v. Bleckwell*, 2 Johns. Cases, 198 ; Buller's N. P. 255 ; *Marshall v. Grugler*, 10 Serg. & R. 164 ; *Lewis v. Payne*, 8 Cow. 71 ; *Gibbs v. Osborne*, 2 Wend. 555 ; *Stephens v. Gorham*, 7 Serg. & R. 505. And if a note has been altered in a material part, it is inadmissible in evidence for any available purpose whatever, in favor of the holder, until the alteration is satisfactorily explained, unless to defeat a claim on the ground of fraud, or to establish usury, or convict a party of a crime. It cannot be received in evidence under the money counts. Chitty on Bills, 213, and the cases there cited.

It is provided in section 18 of the act concerning testimony and depositions, on page 250 of the statutes, that "every written instrument, purporting to have been signed or executed, by any person, shall be proof that it was so signed or executed, until the person by whom it purports to have been signed or executed shall deny the signature or execution of the same by his oath or affidavit ; but this section shall not extend to instruments purporting to be signed or executed by any person who shall have died previous to the requirement of such proof." This section merely dispenses with proof of the signature or execution of the instrument, unless the party shall deny the same under oath. It was intended for the convenience and relief of the plaintiff. The defendant did not deny the signature or execution by his oath or affidavit, but he did not thereby waive any of his legal rights at the trial, except proof on the part of the plaintiff of the signature or execution. The note was in the hands of the payee when it was altered or supposed to have been

altered, and it could not be presumed that the defendant would be cognizant of a fraudulent or illegal alteration of his note, before its presentation at the bar. Before then the plaintiff ought to have known its suspicious appearance and legal defects, and it was his duty to fortify himself on that point. The signature or execution of the note was not the question in this case, but its identity was made by the plea, an important question for the consideration of the jury.

It is the opinion of the court that the district court should have required the plaintiff to account for the alteration of the note, before he should have been permitted to read it in evidence, or to have recovered a verdict upon it. And, as the defendant offered to prove more than by law he was required to do, there was error in rejecting his offer.

Judgment reversed with costs.

IRVIN, J., *dissented.*