## ELA VS. SPRAGUE.

EVIDENCE—EXECUTION OF NOTE.—A denial by a defendant on the trial of an action on a promissory note, purporting to have been executed by him, that he ever signed it as it reads above his name, is equivocal and not such a denial of the signature or execution of the note, as under R. S., ch. 98, sec. 85, will put the plaintiff to proof of its execution.

(4 Chand., 52.)

ERROR to the Circuit Court for *Rock* County.
The case is stated in the opinion of the court.
*Smith, Parker & Tallman,* for plaintiff in error.
*Noggle & Prichard,* for defendant in error.

WHITON, J. By the bill of exceptions in this cause, it

appears that at the trial in the circuit court for Rock county, the plaintiff in error (who was plaintiff below) read in evidence to the jury, without objection, a promissory note for the sum of twenty-one dollars, purporting to be signed by the defendant, and payable to the plaintiff or bearer.

It further appears that at the previous trial before a justice of the peace, the defendant was sworn under the statute to make true answers to such questions as should be put to him touching the signature or execution of the instrument upon which the suit was brought, and that the following question was put to him by the attorneys, after he had been thus sworn : " Did you sign that instrument as it reads above your name ? " To which question the defendant responded, after he had examined the note, as follows : " No, I never did."

It further appears by the bill of exceptions, that after the note had been read in evidence at the trial in the circuit court, the defendant moved for a nonsuit, for the reason that the plaintiff had offered no evidence to prove the signature or execution of the note, and that the judge sustained the motion. The plaintiff in error now insists that the judge erred in sustaining the motion for a nonsuit, for the following reasons : 1st. There was no sufficient oath administered to the defendant by the justice. 2d. If there was a sufficient oath administered to the defendant by the justice, the denial of the signature, or execution of the note by the defendant before the justice, could have no effect in the circuit court; and 3. That the signature or execution of the note was not denied within the time, intent and meaning of the statute, so as to compel the plaintiff to prove the execution. The statute referred to (R. S., ch. 98, sec. 85) is as follows: " Every written instrument, purporting to have been signed or executed by any person, shall be proof that it was so signed or executed, until the person by whom it purports to have been signed or executed shall deny the signature or execution of the same by his oath or affidavit."

Without noticing the first two points made by the plaintiff in error, we are satisfied that the third one is well taken. Before the party offering the written instrument can be compelled to prove the signature or execution of it, the party by whom it purports to be signed or executed shall, by his oath or affidavit, deny the signature or execution. *Low v. Merrill*, 1 Pin., 340.

In this case the denial of the defendant was equivocal, and would apply as well to an instrument altered in such a manner as not to affect its legal force or effect, or to an alteration made with his consent, as to a case where the signature was forged. Whether the statute would apply to a case where the instrument was fraudulently written over a genuine signature, we do not decide, but in this case, the denial of the signature of the note by the defendant was insufficient to put the plaintiff to proof of its execution, and the circuit judge erred in directing a nonsuit for the want of such proof.

Judgment reversed.