PAGE and another, Executors, vs. DANAHER and another.

43   221
102   34
d102   35
,104   607

43      221
f110   ²428

EVIDENCE.  *(1) Alteration in note; when plaintiff must explain.  (2) Suit by executors on note; how far defendant competent as witness.*

1. Where, in a printed form used in drawing a promissory note, the words "after due," in the clause relating to interest, have been stricken out, apparently with a different ink from that used in filling up the body of the note, so that the general appearance of the instrument raises a suspicion of its genuineness, the party offering it in evidence must explain this appearance by some evidence upon which a jury might find that the words were stricken out before or at the time when the note was made.

2. In an action by executors upon a note, alleged to have been executed and delivered by defendants to plaintiffs' testator, and in which he is named as payee, but which defendants allege to have been altered after execution, one of the defendants, as a witness for the defense, might properly be asked when and with what ink he signed the note; whether he

Page and another, Ex'rs, vs. Danaher and another.

struck out words in the printed form which appeared to have been stricken out; and other questions which did not call for any transaction or communication had by defendants with such testator personally. *Daniels v. Foster*, 26 Wis., 686; *Stewart v. Stewart*, 41 id., 624.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was originally prepared by Mr. Justice COLE, as a part of his opinion herein: "The plaintiffs, as executors of H. L. Page, deceased, brought this action to recover the amount claimed to be due on a promissory note, dated September 13, 1872, for $2,115, given by the defendants as copartners and made payable to said Page or order, June 1st, 1874, with interest thereon at the rate of ten per cent. until paid. In the amended answer, which was verified by the defendant *Melendy*, it was admitted that the defendants executed the promissory note at the time, for the amount, and payable on the day and to the person stated in the complaint; but it was alleged that the note bore interest at ten per cent. *after due*, and not otherwise, and that after the making and delivery of the note the same was materially altered without the consent of the defendants, or either of them, by striking out the words 'after due,' thereby making the note bear interest from date. The cause was tried by the court, a jury being waived. On the note being offered in evidence, the defendants objected to the same on the ground that it appeared on the face thereof that it had been altered by striking out the words 'after due,' and that no explanation of such alteration had been given or offered. The objection was overruled, and the note was admitted in evidence. The plaintiffs then rested, and the defendants moved for a nonsuit, which was denied."

The defendant *Melendy*, called as a witness for the defense, was asked the following questions successively, all of which were excluded by the court, on the ground that they called for transactions which occurred between the witness and plaintiffs' testator, during the lifetime of the latter: "Did you personally execute that note? Did you sign the name of *Dan-*

*aher & Melendy* to it?   Did you strike out the words 'after due' from it?   Were these words stricken out when you signed it?   When did you first know that said note, as it then was, purported to draw interest from its date?   Where and with what ink did you sign the note?"   Defendants' counsel offered to prove by the witness that he signed the name of *Danaher & Melendy* to the note, and no other person was concerned about the matter in behalf of said firm; that he did not strike out the words " after due," and they were not stricken out, but were a part of the note, when he signed it; and that he signed it in the office and with the ink of plaintiffs' testator.   The offers were rejected.

Judgment for plaintiffs for the amount of the note; from which defendants appealed.

For the appellants, a brief was filed by *Jenkins, Elliott & Winkler*, and there was oral argument by *Mr. Jenkins.* They argued, 1. That it is incumbent upon the party who seeks to enforce an altered instrument, to show that the alteration does not invalidate it.   Chitty on Bills, 212; 1 Starkie's Ev., 178; 1 Greenl. Ev., § 564; *Henman v. Dickinson*, 5 Bing., 183; *Sibley v. Fisher*, 7 Ad. & El., 444; *Jackson v. Osborn*, 2 Wend., 555; *Low v. Merrill*, 1 Pin., 340.   In the absence of all evidence to show when the alteration was made, it must be presumed to have been made subsequent to execution and delivery.   *Hills v. Barnes*, 11 N. H., 395; *Hodge v. Gilman*, 20 Ill., 437.   Especially is this true where the alteration adds largely to the burden of the obligation.   In a late Massachusetts case it is held, after a full investigation, that the burden of explanation rests with the plaintiff.   *Simpson v. Davis*, 119 Mass., 269.   See, also, *Wilde v. Armsby*, 6 Cush., 314; *Ely v. Ely*, 6 Gray, 439.   2. That the statute (Tay. Stats., 1600, § 74) only precludes the defendant *Melendy* from testifying to " any transaction or communication had personally with the deceased."   Testimony to the condition of the note when he signed it, is certainly not within the letter of

the statute; perhaps it is within its spirit. But the inquiry whether *Melendy* struck out the words "after due" is simply a question of handwriting, and within neither the letter nor the spirit of the statute. *Stewart v. Stewart*, 41 Wis., 624. So, too, the question where and with what ink he signed the note, should have been admitted.

For the respondents, a brief was filed by *Finches, Lynde & Miller*, and there was oral argument by *H. M. Finch:*

1. There is a conflict of authority upon the question whether a material alteration of a written instrument is presumed to have been made before, at, or after execution. The general rule is, that crime will not be presumed. Following this maxim, the courts have held that the presumption is that the alteration was made before or at the execution, rather than afterward. Other cases hold that there is no presumption either way, and that it is a question for the jury alone to determine. See *Milliken v. Marlin*, 66 Ill., 20; *Little v. Herndon*, 10 Wall., 31; *Hayden v. Goodnow*, 39 Conn., 169; *Williams v. Starr*, 5 Wis., 534, 549; *Boothby v. Stanley*, 34 Me., 515; *Gillett v. Sweat*, 1 Gilm., 475. 2. There was no error in excluding the questions propounded to *Melendy*. Laws of 1868, ch. 176, sec. 1; *Dubois v. Baker*, 40 Barb., 556.

Cole, J. On the part of the defendants it is insisted that the *onus* was upon the plaintiffs to explain the alteration, and to show that the words "after due" were erased before the note was executed. On the other side it is said that no explanation of the change of the note was necessary; that there was nothing suspicious in the appearance of the paper which the plaintiffs were bound to remove by evidence, the legal presumption being that the alteration was made contemporaneously with the execution of the instrument.

The note is a printed form, and it is evident that the words "after due" were stricken out with a different ink from that with which the body of the note was filled up. It is said

the alteration bears plain marks of having been made with the same pen and ink as the signature; but this is not obvious from a mere inspection of the writing. The alteration is certainly a material one, and the general appearance of the note raises a suspicion as to its genuineness. Under these circumstances we think the plaintiffs were bound to give some evidence to account for the alteration, and which would warrant the inference or conclusion that the alteration was made before the instrument became operative. We do not say what that evidence should be, but it should be sufficient to satisfy the jury of that fact. The authorities bearing upon this question are very numerous, and greatly in conflict. It is impossible to reconcile them, as some hold to one rule and others to a different rule upon almost the same state of facts. We are therefore at liberty to adopt that rule which appears to us most in accordance with sound principle, and which will most likely promote the ends of justice and best secure the rights of parties. And we therefore adopt substantially the following remarks of Prof. Greenleaf, as laying down the true rule: "If, on the production of the instrument, it *appears to have been altered*, it is *incumbent on the party offering it* in evidence *to explain* this appearance. Every alteration on the face of a written instrument detracts from its credit, and renders it suspicious; and this suspicion the party claiming under it is ordinarily held bound to remove. If the alteration is noted in the attestation clause as having been made before the execution of the instrument, it is sufficiently accounted for, and the instrument is relieved from that suspicion. \* \* \* \* But if any ground of suspicion is apparent upon the face of the instrument, the law presumes nothing, but leaves the question of the time when it was done, as well as that of the person by whom, and the intent with which the alteration was made, as matters of fact, to be ultimately found by the jury upon proofs to be adduced by the party offering the instrument in evidence." 1 Greenl. Ev., § 564. This

Page and another, Ex'rs, vs. Danaher and another.

being the view which we adopt upon the subject, it follows that the plaintiffs were bound to account for the change in the note, and should have given some evidence from which a jury might have found that the words "after due" were stricken out prior to or contemporaneously with the execution of the note. We are not aware that this point has been directly passed upon by the courts of this state, though the cases of *Low v. Merrill*, 1 Pin., 340, and *Schwalm v. McIntyre*, 17 Wis., 233, so far as they have a bearing upon the question, are in harmony with the rule above laid down.

On the trial, the defendant *Melendy* was called as a witness for the defense, and asked a number of questions, which were objected to and excluded. Exceptions were taken to these various rulings of the court. We can perceive no valid objection to the witness answering some of these questions. The statute only prohibited the defendant from testifying in respect to any transaction or communication had personally with the deceased (Tay. Stats., 1600, § 74; *Daniels v. Foster*, 26 Wis., 686; *Stewart v. Stewart*, 41 id., 624); and some of these questions clearly had no relation to any such matter. For instance, the questions when and with what ink the witness signed the note, whether he struck out the words "after due" from the note, and perhaps other questions, might have elicited important testimony. Surely these questions were competent, not naturally calling for any answers in violation of the statute, and were therefore improperly excluded.

It follows from these views that the judgment of the circuit court must be reversed, and a new trial ordered.

*By the Court.* — So ordered.