STATE vs. HOMEY and another, imp.

BASTARDY PROCEEDING. *(1) Loss of jurisdiction by adjournment: Waiver.* ACTION ON BAIL BOND. *(2) Preliminary proof of execution of bond, when not required.  (3) Amendment of answer to deny execution. (4) Costs.*

1. The magistrate before whom a bastardy proceeding is pending, does not lose jurisdiction by adjourning the case for more than ten days, upon the application of the accused.   The statutory provision that the examination may be adjourned "from time to time, for cause shown, *not exceeding ten days at one time*" (Tay. Stats., 740, § 2), being designed solely for the benefit of the accused, may be waived by him.

2. Where one sued upon a bail bond does not deny his signature thereto, but makes affidavit that the bond was "misread and misexpounded to him," and was not by him executed so as to become his bond, no preliminary proof of the execution of the instrument is required before reading it in evidence, under sec. 92, ch. 137, R. S. 1858.

3. A refusal to permit an amendment of such defendant's answer "so as to deny under oath the execution of said bond, but not to deny that the name attached was his signature," *held*, not an abuse of discretion; such amendment (even if construed with reference to the previous affidavit) not showing by whom and when the fraud was committed, what particular portion of the bond was misread, or how it was read, or that defendant executed it in ignorance of its actual contents, and therefore not stating facts sufficient to show that it was material.

4. In an action upon a bail bond, judgment may be rendered for *costs* in addition to the *whole penalty* named in the bond.

APPEAL from the Circuit Court for *Dane* County.

On the 14th of April, 1877, the defendant Lewis P. Erdahl was arrested by virtue of a warrant in a bastardy proceeding, duly issued by the judge of the municipal court of Madison, and brought before said judge. The examination was adjourned to the 24th of the same month, on which day, on motion of the accused and with his consent, the cause was adjourned to the 9th of May following; whereupon the accused as principal, with the appellants as sureties, gave bail in the form prescribed by statute, in the sum of $500, for his appearance before the judge on such adjourned day.

The accused failed to appear at the time appointed, and this action was brought to recover the penalty of the bond. The complaint alleges the above facts. The sureties in the bond answered separately a general denial, without verification. The defendant Lewis P. Erdahl did not answer.

When the cause was called for trial, the appellant *Lars G. Erdahl* (one of the sureties), for the purpose of putting the plaintiff to proof of the execution of the bond by him, offered his affidavit, in which he states that "he is a foreign born subject, and that he is unable to read the English language, and does but imperfectly understand the same, and is unable

to converse therein. Deponent admits that he signed a writing in the office of Hon. A. B. Braley, judge of the municipal court mentioned in the complaint, but says that if said writing was the bail bond mentioned in the complaint, then the same was misread and misexpounded to him, and that the same was not by him executed so as to become his deed or bond." The district attorney objected that the plaintiff could not be put to such proof at that stage of the case, and the circuit court sustained the objection. The bond was then read in evidence without preliminary proof of execution. The defendant *Lars G. Erdahl* then asked leave to amend his answer, " so as to deny under oath the execution of said bond, but not to deny that the name attached was his signature." The court refused to allow the amendment to be made.

A jury was waived, and the trial resulted in a judgment against all of the defendants for $500 and costs. The sureties appealed from the judgment.

For the appellant, a brief was filed by *Gill, Bashford & Spilde,* and the cause was argued orally by *Mr. Spilde.* They contended, 1. That the court erred in excluding the affidavit of *L. G. Erdahl,* and in refusing to allow him to put in issue the execution of the bond; and that if the bond was improperly admitted in evidence, there was no evidence to sustain the judgment. 2. That the municipal court lost jurisdiction of the bastardy proceeding by unauthorized adjournments. The statute authorizes adjournments in such cases only "for good cause shown," and "not exceeding ten days at one time." The warrant was returned April 14, defendant in court; and the docket recites that thereupon the examination was adjourned on defendant's motion until April 24; but the docket and files fail to show any *cause* for such adjournment; and it cannot be presumed that cause was shown. *Hepler v. The State,* 43 Wis., 479. The municipal judge, therefore, had no jurisdiction to bring the defendant into court on the 24th of April, the day when the bail

bond was given.   The second adjournment from April 24th
to May 9th, being for more than ten days, directly contravened
the statute; and the order requiring the defendant to appear
May 9th was a nullity.   McNamara on Nullities, 20, 21;
*Mortimer v. Piggott*, 2 Dowl. P. C., 616; *Garratt v. Hooper*,
1 id., 28.   The inhabitants of the town in which the com-
plainant resided were interested in the proceedings, and the
magistrate was bound to observe the statute strictly notwith-
standing agreements of the parties.   *Non potest rex gratiam
facere cum injuria et damno aliorum.*   Broom's Leg. Max.,
45.   Prisoners under arrest are easily led into stipulations
affecting material rights; and where those stipulations con-
travene positive and mandatory provisions of the statute
giving the magistrate all the jurisdiction he possesses over
the proceeding, the spirit and general principles of the com-
mon law require the application of the maxim "*fortior et
potentior est dispositio legis quam hominis.*"   Broom's Leg.
Max., 546.   3. That no judgment upon a penal bond can be
entered for any sum beyond the penalty.   Sedgw. on Dam-
ages, 4th ed., *424.

    For the respondent, a brief was filed by *Keyes & Chynoweth*,
and there was oral argument by *Mr. Chynoweth*.   They con-
tended, 1.   That the bail bond was properly admitted in
evidence, notwithstanding the affidavit offered.   (1) The affi-
davit was in the nature of an amendment of the pleadings; and
an amendment is never allowed at the trial except when it is
clear that the opposite party will not be taken by surprise.
(2) The affidavit virtually admits the genuineness of the sig-
nature, in which case the bond proves itself.   As to the allega-
tion that defendant did not know what he was signing, the
burden of proof would be upon him.   1 Greenl. Ev., 573;
*Kello v. Maget*, 1 Dev. & Bat., 414.   2. That in a proceeding
of this character, defendant may waive his statutory rights,
and jurisdiction was not lost by adjournment on his motion
beyond the time prescribed by the statute.   *Jerdee v. State*,

36 Wis., 170; *Rindskopf v. The State*, 34 id., 217; *Stephens v. Baird*, 9 Cow., 274; *Allen v. Edwards*, 3 Hill, 500; *Barnes v. Badger*, 41 Barb., 98.

LYON, J. 1. It is maintained by the learned counsel for the appellants, that the municipal judge lost jurisdiction of the proceeding against Lewis P. Erdahl, by adjourning the examination more than ten days, and hence that he had no power to take the bond in suit. We think this position is untenable. True, the statute provides that the magistrate may adjourn the examination in a bastardy proceeding "from time to time, for good cause shown, not exceeding ten days at one time." Laws of 1868, ch. 79 (Tay. Stats., 740, § 2). But this is a provision for the benefit and protection of the accused; and it is settled in this state that he may waive the benefit of such provisions. The rule is thus established in *Rindskopf v. The State*, 34 Wis., 217, and *Jerdee v. The State*, 36 id., 170. The principles upon which the rule rests are sufficiently stated in those cases. It must be held, therefore, that, by applying for and consenting to an adjournment for more than ten days, the accused waived the benefit of the statute in that behalf, and hence the municipal judge did not lose jurisdiction of the proceeding because of such adjournment.

2. The affidavit of the defendant *Lars G. Erdahl*, offered by him at the commencement of the trial, was not sufficient to put the plaintiff to proof of the execution by him of the bond or instrument in suit. It was offered under sec. 92, ch. 137, R. S. 1858 (Tay. Stats., 1609, § 120). The object of that statute is merely to dispense with proof of the signature of a party to a written instrument, unless the party deny such signature or execution under oath. If he admits the signature, or fails to deny it, no proof of it is required; and the signature of the appellant *Erdahl* to the instrument in suit is not denied in his affidavit. *Schwalm v. McIntyre*, 17 Wis., 232. We conclude that the circuit court properly disregarded

the affidavit by refusing to require the plaintiff to prove the signature of the affiant to the instrument before receiving it as evidence.

3. The refusal of the court to permit the appellant *Erdahl* to amend his answer is assigned as error. It was in the discretion of the circuit court to allow or refuse the amendment, and this court cannot interfere unless that discretion was improperly exercised. The offer was to amend "so as to deny under oath the execution of the bond, but not to deny that the name attached was his signature." Standing alone, the proposed amendment was entirely too general, vague and uncertain, to render it the duty of the court to allow it. Indeed, "it would be improper to allow so ambiguous an issue by way of amendment." *Shipman v. The State*, 43 Wis., 386. Such a pleading would not apprise the opposite party of the issue to be met on the trial, and, if not demurrable, it could be reached by a motion to make it more definite and certain.

If reference be had to the affidavit of the appellant *Erdahl*, mentioned above, as explanatory of the proposed amendment (and the record furnishes no other explanation of it), we may infer that the grounds upon which he proposed to deny the execution of the bond were, that it was misread and misexpounded to him. Conceding that to be true, still the court should have been informed, and the proposed amendment should show, by whom and when the fraud was committed; also that the instrument was misread in some material particular — stating the particular portion, and how it was read to him, — and that he executed it in ignorance of its actual contents. The proposed amendment contained none of these most essential averments. If a party would amend his pleading, he must, at least, state enough in his proposed amendment to show the materiality of the amendment. But here, every averment of fact in the proposed amendment may be true, and still the party asking leave to amend may be liable on the bond. Some person may have misread and misex-

pounded the instrument to him, and yet, before he executed it, the municipal judge may have read and explained it to him correctly. There is a very strong presumption that he did so. We are unable to say that the refusal of the circuit court to allow the amendment to be made was an improper exercise of its discretion.

4. The only remaining error assigned is, that the court gave judgment for the whole penalty of the bond, and, in addition thereto, for costs. It is claimed that the whole recovery — damages, or debt, and costs — cannot lawfully exceed the penalty named in the bond. The authorities cited to the proposition do not sustain it. It is too clear for discussion that the judgment in this respect is regular.

*By the Court.* — The judgment of the circuit court is affirmed.