## SMITH vs. EHNERT.

*(1, 2) Proof of signature to written instrument, when required. (3) When denial to be made. (4) What errors will not reverse. (5) Comparison of papers to prove signature.*

1. In an action upon a written instrument, plaintiff can be put upon proof of the genuineness of defendant's signature to the instrument, under the statute, only by a *specific* denial thereof by affidavit or verified answer; and a denial by *inference* is not sufficient.
2. Thus, in this action upon a promissory note which purported to be signed by defendant as maker, his answer alleging, on information and belief, first, that if the note was made by him at all, it was made by mistake on his part, through plaintiff's fraud and without consideration; and secondly, that the note was a *forged* instrument — *held*, not to be sufficient to put plaintiff on proof of defendant's signature; the word "forged," as used in the answer, being applicable to the note if written, in whole or in part, over defendant's genuine signature, without his consent.
3. Unless the denial is made before the trial is commenced (and perhaps before the cause is noticed for trial), it cannot be made at all except upon leave of the court first obtained.
4. Plaintiff not being required by law to prove the signature, specific errors in the admission of evidence offered by him for that purpose cannot be alleged by defendant to reverse the judgment.
[5. Where papers signed by defendant had been made part of the record of a former trial of this action, and were treated by both parties as in evidence on the trial here in question, *it seems* that if the genuineness of defendant's signature to the note in suit had been put in issue, experts, as witnesses for the plaintiff, might properly have been permitted to compare the signature to the note with the signatures to such papers. Per TAYLOR, J.]

APPEAL from the Circuit Court for *Waukesha* County.

The case is thus stated by Mr. Justice TAYLOR:

"This action is upon a promissory note, which is set out at length in the complaint, and purports to have been signed by the defendant, bearing date April 20, 1870, for the sum of $150, payable five months after date, to the plaintiff or bearer, with interest at the rate of ten per cent. per annum. The plaintiff further alleges that he is the lawful holder and owner

of the note so set forth, and that the defendant is justly indebted thereupon in the sum of $150, principal, together with interest thereon from April 20, 1870, at the rate of ten per cent. per annum, and demands judgment for that amount.

" The defendant answered: *First*, in substance, that he was not indebted to the plaintiff on any account, claim or demand whatever. *Second*, 'that he is informed and verily believes it true, and on his information and belief he states the fact to be, that if the note specified in the complaint in truth and in fact was made by him at all, it was so made, executed and delivered by mistake on his part, and by and through the false and fraudulent representations and impositions practiced on him, on the part and behalf of the said plaintiff, and that said note is without any consideration therefor.' *Third*, ' that he is informed and verily believes the note is a forged instrument, and that, on his information and belief, he states the fact to be that said note is a forged instrument.'

"The pleadings on both sides were verified. The jury found for the plaintiff, and, after a motion for a new trial by the defendant, which was denied, judgment was rendered for the plaintiff, and the defendant appealed to this court."

The cause was submitted for the appellant on the brief of *E. Fox Cook.*

*Frank B. Van Valkenburgh,* for the respondent.

TAYLOR, J. Upon the pleadings in the case there were really but two issues to be tried — whether there was any consideration for the note, and whether the defendant's signature had been obtained thereto by fraud or misrepresentation. And a third issue was made upon the production of the note in evidence on the trial; that is, whether the alteration appearing upon the face of the note was made before it was signed by the defendant. The answer of the defendant did not specifically deny the signature to the note, and for the want of such denial the genuineness of the signature was not put in issue.

It is true, the answer alleges, upon information and belief, that the note was a forgery; but such answer is not a specific denial of the defendant's signature, within the meaning of section 92, ch. 137, R. S. 1858, now section 4192, R. S. 1878.

Notwithstanding the defendant's signature may have been his genuine signature, still, in one sense of the word "forgery," as used in the defendant's answer, it might have been a forgery by reason of its having been altered in a material part after his signature, or by having been written in the first instance over his signature, without the knowledge or consent of the defendant. This court holds that in order to put the plaintiff to the proof of the defendant's signature, or to put the fact of his signature in issue, there must be a specific denial thereof upon oath or affidavit, or verified answer; and an answer which only denies the same by inference is not sufficient. This rule is firmly established by the following decisions: *Ela v. Sprague*, 3 Pin., 323; *Schwalm v. McIntyre*, 17 Wis., 232; *State v. Homey*, 44 Wis., 615. In the last case cited the defendant asked leave to amend his answer "so as to deny under oath the execution of the bond, but not to deny that the name attached was his signature." The court refused to allow the amendment, and this court, in sustaining the ruling of the court below upon this point, says: "Standing alone the proposed amendment was entirely too general, vague and uncertain to render it the duty of the court to allow it." Nor is it sufficient to put the plaintiff to the proof of the defendant's signature to the contract upon which suit is brought, that the defendant, after plaintiff has made his proofs, goes upon the stand as a witness in his own behalf and denies such signature. The object of the statute is to relieve the plaintiff of the necessity of proving, on the trial, the signature of the defendant to the contract upon which the action is based, unless the same shall have been denied upon oath.

The statute would be a snare to the plaintiff, if upon the trial, and after his proof is in, he can be called upon to prove

a signature which is then for the first time denied by the defendant, as the statute requires. If such a rule were adopted, the plaintiff would always be compelled to come to the trial prepared with his proof of signature, or take the risk of being unprepared to prove his cause of action if the defendant should conclude to deny his signature at any time during the course of the trial. The reasonable rule is, that the signature must be denied before the trial is commenced, and perhaps before the cause is noticed for trial; otherwise such denial cannot be made except upon leave of the court first obtained for that purpose. Any other rule would render the statute wholly ineffectual in accomplishing the purposes for which it was enacted.

Notwithstanding the signature of the defendant to the note in question was not put in issue by the pleadings, a very large part of the testimony offered by both sides on the trial was given by the one to prove the signature, and by the other to disprove it; and some of the exceptions taken by the defendant, and upon which he relies in this court to reverse the judgment, were exceptions to the evidence of the plaintiff given upon that point. We think the defendant cannot avail himself of these exceptions upon this appeal. If he could, my own opinion is that the exceptions were not well taken. The plaintiffs' witnesses to prove the signature to the note were, to a certain extent, experts, and were permitted, under objection, to compare the signature to the note in question with two other signatures of the defendant, which were admitted, in open court, to be his genuine signatures, and which signatures were affixed to two papers attached to the record as exhibits; and although it does not appear that they were formally offered in evidence by either party on this trial, they had been offered in evidence and made a part of the record in a former trial of this case; and I think these papers were treated by both parties on this trial as in evidence, and before the jury as competent evidence; and, in that view of the case, it was not error to

Smith vs. Ehnert.

allow the comparison of the signatures by the witnesses, within the rule laid down by this court in the cases of *Pierce v. Northey*, 14 Wis., 9, and *Hazleton v. The Union Bank*, 32 Wis., 34–47.

Upon the real issues made by the pleadings there was evidence upon both sides. Upon the part of the plaintiff there was abundance of evidence to sustain the verdict upon all the grounds complained of. The note itself was presumptive evidence of a sufficient consideration, and in addition to that the plaintiff testified that the note was given for the purchase price of sheep and wood sold by him to the defendant. Upon the issue of fraud in obtaining the note no evidence was given by the defendant, he insisting that he never gave the note at all. Upon the question of the alteration appearing on the face of the note, the plaintiff swore it was made before it was signed by the defendant, and there was no evidence to contradict his testimony on this point, unless the evidence of the defendant that he never signed the note in any shape can be considered as contradicting that evidence; and, upon the question of the signature of the defendant, if it had been in issue in the case, there was certainly as much evidence in favor of its genuineness as there was on the other side.

We are unable to understand how the statute of frauds can be invoked by the defendant as a defense to this note. We have carefully examined all the points taken by the learned counsel for the defendant, the instructions asked by him and refused by the court, and the instructions given by the court and excepted to by the defendant, and are unable to find any error which has intervened to the prejudice of the defendant. On the whole record we are unable to say that the verdict is not sustained by the evidence; and, the jury having found against the defendant, their verdict must stand.

*By the Court.* — The judgment of the circuit court is affirmed.