NIELSON and another vs. SCHUCKMAN and others.

*November 26 — December 13, 1881.*

PROMISSORY NOTE.    *Fraud in procuring signature provable without previous denial on oath.*

1. If one is fraudulently induced to execute a note by misreading to him the date of payment therein named (he being unable to read it), the note is void; and proof of such fraud may be made at the trial of an action on the note, without any previous denial under oath by the alleged maker, that he "signed or executed" the note.

2. The sole object of sec. 4192, R. S., is to dispense with proof of the *signature* to a written instrument, where such *signature* has not been denied under oath; and the words "executed" and "execution" in that section are used as strictly synonymous with "signed" and "signature."

APPEAL from the Circuit Court for *Dane* County.

Replevin.    The plaintiffs appealed from a judgment in favor of the defendants.    The case is sufficiently stated in the opinion.

For the appellants there was a brief by *Sloan, Stevens & Morris,* and oral argument by *Mr. Stevens.*    To the point that the court erred in excluding evidence to show that the note and chattel mortgage were misread or misexpounded to the illiterate plaintiffs, whereby, without knowing their true contents, they were induced to sign, and that sec. 92, ch. 137, R. S. 1858 (sec. 4192, R. S.), was inapplicable to the case, they cited *Schwalm v. McIntyre,* 17 Wis., 236; *Hinchliff v. Hinman,* 18 id., 135; *State v. Homey,* 44 id., 619; *Snyder v. VanDoren,* 46 id., 615; *Smith v. Ehnert,* 47 id., 481.

For the respondents there was a brief by *Vilas & Bryant,* and oral argument by *Wm. F. Vilas:*

The answer set up the execution and delivery of the note, and its terms.    If the plaintiffs intended to dispute it, they should have denied it by affidavit.    R. S., sec. 4192.    This requires such denial, not only of the mere signature, but of the *execution.*    If the makers intend to dispute the validity of the note because of fraud in obtaining the signature, whereby

the note is as much a forgery in its inception as if the signature were not written by them, the affidavit is necessary. The distinction between such a defense and that of a subsequent alteration is plain. *Ela v. Sprague*, 3 Pin., 323; *Walker v. Ebert*, 29 Wis., 194; *State v. Homey*, 44 id., 615; *Smith v. Ehnert*, 47 id., 479.

ORTON, J. To justify the taking complained of, the defendants had answered that they took the property by virtue of a chattel mortgage given by the plaintiffs to the defendant *Schuckman* to secure the payment of a note for the sum of $5,500, also given to the said defendant by the plaintiffs; and the defendants had introduced them in evidence. The note bears date December 19, 1877, and was payable two years after date; and the mortgage bears date December 22, 1877, and recites the note which it was made to secure. The plaintiffs had introduced in evidence a record in the case of the defendant *Schuckman*, as plaintiff, against the plaintiffs as defendants, of the foreclosure of a land contract, by which it appeared that the plaintiff had given to the defendants a contract for the conveyance of certain lands to the defendants (which lands had been before conveyed by the defendants to plaintiff), upon the payment of the sum of $5,500 at the expiration of *three* years from the date of said contract, with interest at ten per cent., payable semi-annually on or before the 19th day of June and December. The land contract bore date the 19th day of December, 1877. The suit was commenced in March, 1879, and seems to have been predicated upon the ground of the non-payment of interest — a cause of forfeiture in the contract. A decree of foreclosure was entered, and a sale of the lands had been made under it for less than the amount of the debt, and the time of redemption had not expired when the property in this suit was taken by the defendants. It appeared, inferentially, from the evidence here, that the $5,500 mentioned in the note and mortgage, and the same sum mentioned in the land

contract, were the same debt; and in the former, it will be observed, it was. payable in *two* years, and in the latter in *three* years. *Hans Nielson*, one of the plaintiffs, as a witness, was asked: (1) "Was there ever any agreement between you and *Schuckman* that you were to pay any sum of money except at the end of three years from the time you made the loan of him which was witnessed by the land contract?" (2) "Did you ever agree or intend to give him a note and chattel mortgage, or, to your knowledge or belief, did you ever give to *Schuckman* a note or chattel mortgage, for $5,500, payable two years from the 19th day of December, 1877?"

These questions were objected to, and the court asked, "Do you propose to show that he never executed this note and mortgage?" Mr. Sloan, attorney. for the plaintiffs, replied, "Yes; and delivered it understandingly, knowingly and intendingly." The court asked, "At all?" Mr. Sloan replied, "He may have signed this, but he was deceived by Schlimgen, the agent of *Schuckman*, making it two years instead of three." The court then said, "That would be immaterial under the ruling I have already made. May be not, if it is a forgery. What is the objection to that?" (apparently addressing the last question to Col. Vilas, the attorney of the defendants). Col. Vilas replied: "The objection to it is, that there has been no foundation laid for this issue, previous to the trial, by complying with the statute. The statute provides that every written instrument purporting to be signed or executed by any person shall be proof that it was so signed or executed, until the person by whom it purports to have been so signed or executed shall specifically deny the signature or execution of the same by his oath or affidavit, or by his pleading, duly verified," etc. Mr. Sloan then said: "I design to show that this chattel mortgage and note, payable two years instead of three — perhaps he signed it and perhaps he did not — but that it was a fraud upon him, and that it never became his paper or his obligation at all." The court then said:

"You must deny the execution of such a note as this " (under the statute). The words " under the statute " appear to have been interpolated as the supposed full meaning of what was said by the court, and seem to have been warranted. The witness, having said, "I can read the English language," was asked, " Look upon the note and mortgage, which have been given in evidence, and state whether you can read them or not?" He was then asked: " When were that chattel mortgage and note payable, as he read them to you?" and " Did your wife or yourself know anything of the contents of the note and mortgage which you signed, except as they were read to you by Schlimgen?" and " Did you understand, when you signed it, that it was a note and mortgage payable two years from date?" All of these questions were objected to, and the objection sustained, and exception taken; and there were many other questions, of the same or similar import, which met with the same fate. The signatures to the note and mortgage had not only *not* been denied under oath by affidavit or in any pleading, but were expressly admitted by the plaintiff as a witness. The facts clearly suggested and prefigured in these questions were, that, the plaintiffs not being able to write or read writing, the note and mortgage were fraudulently misread to them as maturing three years after date, instead of two years, the time mentioned in them.

The time when a debt becomes payable is certainly as material and essential as any other part of the contract, and such a fraud would seem to as effectually destroy the validity of the note and mortgage as forgery by fraudulently writing over the signatures false or improper matter, or as any other fraud which would make them void *ab initio*.

In *Low v. Merrill*, 1 Pin., 340, it was held that the alteration of a note after signing, as to its date, vitiated it, and it was not admissible in evidence for any purpose except to defeat it, or to establish usury or to convict of crime; and to the same effect it is held in *Schwalm v. McIntyre*, 17 Wis., 232.

In *Walker v. Ebert*, 29 Wis., 194, it is held that false and fraudulent representations of the character of the note, the maker being ignorant of its true character, and having no intention to sign such a paper, and being guilty of no negligence, make the note void even in the hands of the holder for value, before maturity and without notice.  And in *Rounsavell v. Pease*, 45 Wis., 506, it is held that the insertion of material provisions in a contract which was signed when it contained a mere skeleton of a contract, with blanks unfilled, entirely different from the real contract between the parties, makes the written contract void; and it is said in the opinion in that case: "Had the defendants signed the instrument in its present form, and had such signatures been procured by false representations of the plaintiff's agent as to the contents of the paper (they being ignorant of its contents), under repeated decisions of this court the instrument would be void." It would therefore seem that the facts that might have been established in responsive answer to the above questions — and, in determining the propriety and materiality of the questions themselves, it must be assumed that they were established — would have destroyed the validity of the note and mortgage as a defense to the action.

There was no objection to these questions on the ground that the facts suggested by them had not been stated in a replication to the answers; but it may be proper to say that such an objection would have been untenable.  When, in defense to an action, any instrument, whether it be a deed, mortgage, note, or any kind of contract, is given in evidence, it is competent for the plaintiff, without pleading them, to prove any facts which would destroy its validity.  *McMahon v. McGraw*, 26 Wis., 614, and authorities cited; *Kent v. Agard*, 24 Wis., 378.  So far as any specific ground of objection to the evidence offered was stated by the learned counsel for the respondents at the trial, as appears by the above colloquy between the court and the counsel at the time the questions were

asked and the objection made, such ground was, that the signature or execution of the note and mortgage had not been denied under oath or by affidavit, as required by section 4192, R. S.; and the same ground is relied upon in the brief of the learned counsel in the argument of this appeal, to justify the ruling of the circuit court in sustaining the objections.

The only object of that statute clearly is, if complied with, to dispense with proof of the *signature* to a written instrument. It is true, the language of the section is "signed or *executed*" — "signature or *execution*." But the first clause of the section clearly indicates that these two words are used by way of repetition of and as synonymous with, or that the word "executed" or "execution" strictly means, *signed* or *signature*, and neither adds to, diminishes nor qualifies the latter, and both are meaningless, unnecessary and nugatory. The first clause is, "Every written instrument *purporting* to have been signed or *executed* by any person," etc. What other execution by any person does or can it purport than the signing, which would require proof unless denied under oath? It certainly does not strictly purport that the instrument has been delivered, whatever may be the legal presumption that it had. It can purport nothing which is not apparent on the face of it or by virtue of it. It purports nothing which gives it vitality or validity except the signature to it; and, when signed, it purports to be substantially just what it is and to contain all that the parties to it intended. That is as far as any conception can be had of its import. Thus much is said because, notwithstanding the many decisions of this court to the same effect, although perhaps not so pointed and particular, there appears still to be a misapprehension of the true meaning and object of this statute.

In *Low v. Merrill, supra,* it is said in the opinion: "This section merely dispenses with proof of the signature or execution of the instrument." This leaves the question open.

In *Schwalm v. McIntyre, supra,* this court, in the opinion

of the able and lamented Judge PAINE, passed upon the meaning of section 99, ch. 137, R. S. 1858, which provides: "On actions against two or more defendants upon contracts in writing, alleged to have been *executed* by such defendants as partners or otherwise, proof of the joint liability of the defendants shall. not be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by answer denying the *execution* of such writing, verified by affidavit." Here, the word "execution" is alone used, and it is said in the opinion that " it has been held that the object of that provision was merely to dispense with the necessity of proving the *signature* to a contract or other writing," etc.

In *State v. Homey,* 44 Wis., 615, Mr. Justice LYON says, in the opinion, in respect to the section under consideration: "The object of that statute is *merely* to dispense with proof of the *signature* of a party to a written instrument."

In *Snyder v. Van Doren,* 46 Wis., 602, Mr. Justice TAY- LOR says, in the opinion: "The *signature* of the defendant to the note was not in issue on the trial, for the reason that the defendant had not made an affidavit denying the same, as re- quired by section 92, ch. 137, R. S. 1858. The affidavit found in the record denies that he *executed* the note set out in the complaint, but he does not deny his *signature* to the note;" citing *Schwalm v. McIntyre, supra.* And he says further: "The only office of the statutory affidavit is to put in issue the *signature* and nothing else." In *Smith v. Ehnert,* 47 Wis., 479, Mr. Justice TAYLOR repeats the same ruling. It is to be hoped that the question will hereafter be at rest, or rather that there will be no question about it. It appears by the above decisions that denying the *execution* of a written instrument does put in issue the *signature* to it; and, again, that denying the *execution* does *not* put in issue the *signa- ture;* but there is perfect harmony in the decisions, that the only object of the statute is to *merely* dispense with proof of the *signature,* and as Mr. Justice TAYLOR expresses it in

order that there shall be no doubt about it, "and nothing else." Hereafter let it be understood that the words "execution" and "executed," as used in the section, mean nothing at all, and that the section should be read and construed as if these two words were both left out, and that neither is in it.

We are therefore of the opinion that the circuit court erred in sustaining the objections to the above and similar questions found in the record.

*By the Court.*— The judgment of the circuit court is re-versed, and the cause remanded for a new trial therein.