IN THE

## SUPREME COURT OF JUDICATURE

OF THE

### STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1840, IN THE TWENTY-
FIFTH YEAR OF THE STATE.

---

## Lewis v. Wilson for the Use of Vanblaricum.

A *sealed* note, though payable at a chartered bank withi⬤ ⬤e state, is not
within the statute placing certain notes on the same footing with inland
bills of exchange.

*Monday,*
*November 23.*

ERROR to the *Marion* Circuit Court.

Sullivan, J.—This was an action of assumpsit by *Wilson*
against *Lewis,* as the indorser of a sealed note. The note
was made by *M. Goodell* and *N. Goodell,* payable to *Lewis* at
the branch of the state bank at *Indianapolis.* The makers
having failed to pay the note when it became due, the indor-
see brought the present action against the indorser, without
having first prosecuted the makers to insolvency, or without
showing in his declaration any excuse for not doing so. The
declaration was demurred to by the defendant, but the de-
murrer was overruled and judgment given for the plaintiff.
The only question is, whether a sealed bill is a negotiable
instrument according to the law-merchant, within the mean-
ing of our statute? That statute is very similar in its terms

Nov. Term, 1840.

Lewis
v.
Wilson.

to the 3 & 4 *Anne*, ch. 9, except that the note mentioned in our statute, in order to have the effect of an inland bill of exchange, must be made payable, in the first instance, at a chartered bank within this state.

We have not been able to find a solitary case in the *English* books, in which the provisions of the statute of *Anne* have been construed to embrace sealed instruments. By universal consent, it seems, the operations of the statute are confined to promissory notes. It is clear, we think, from the course of the decisions in the *English* Courts previous to the passage of the statute of *Anne*, and which occasioned its enactment, that promissory notes were only intended to be made negotiable by the statute, notwithstanding, by its language, "all notes" are included. In the exposition of our statute, we feel constrained to give great weight to the interpretation which the statute of *Anne* has received in *England*, particularly as the language of both statutes, so far as respects the question before us, is almost identical, and the object of both the same.

Although we can find no express adjudication in the *British* Courts on this point, there is a case somewhat analogous in the Supreme Court of *New-York*, which sustains the view we are disposed to take of this case. That was an action brought by the indorsee against the indorser of a note executed by a corporation, with the *seal* of the company affixed. The principal question made on the argument of the cause was, whether the note was negotiable. It was held not to be negotiable because it was a sealed instrument. The Court said, that the seal of a corporation when affixed to any deed or contract by proper authority, is not distinguishable in its legal effect from that of an individual, the one is the seal of an artificial, the other of a natural person. The Court continued to remark, that promissory notes, which were made negotiable the same as inland bills of exchange by the statute of *Anne*, were not under seal; if they had been, since that statute, all specialties could have been made negotiable, and the advantage, in respect to the statute of limitations, would have introduced them into general use. *Clark* v. *The Farmers' W. M. Co. of Benton*, 15 Wend. 256.

Nov. Term, 1840.

See, also, *Warren* v. *Lynch*, 5 J. R. 239, referred to in the foregoing case.

In *Massachusetts*, it has been the immemorial usage for indorsees of promissory notes not negotiable, to declare against the indorsers as on a negotiable note. But the reason of that practice, as given by Ch. J. *Parsons*, is, that the statute of 3 & 4 *Anne*, ch. 9, was never enacted in that state, but in practice, the provisions of the first section were early adopted, and the form of declaring on negotiable notes, resulting from that statute, was extended to notes not negotiable. It, therefore, came to be considered as the common law of the commonwealth, that all cash notes were negotiable, and that the indorsee might declare against the indorser of such notes in the same manner as if the notes were negotiable. *Jones* v. *Fales*, 4 Mass. R. 245. No such usage prevails here. On the contrary, the indorsee of a note not negotiable according to the law-merchant, cannot sue the indorser without prosecuting the maker to insolvency, or showing a sufficient reason for not doing so.

Our conclusion is, that a sealed note or other specialty is not a negotiable instrument within the statute, and that the demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed at the costs of the relator. Cause remanded, &c.

*C. Fletcher* and *O. Butler*, for the plaintiff.
*J. Morrison*, for the defendant.