May Term, 1845.

The Rich-
mond Manu-
facturing
Company
v.
Davis.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman*, for the plaintiffs.

*G. H. Dunn*, *P. L. Spooner*, and *P. A. Hackleman*, for the defendant.

---

### The Richmond Manufacturing Company *v.* Davis.

An alteration in a bond or deed made after its execution in a material part, without the consent of the parties, vitiates the instrument. But if the alteration were made with consent of parties, the instrument is valid.

Whether blanks left in a bond when it was signed and sealed, and which were afterwards filled up, had been filled up with the obligor's consent, is a question for the jury.

The Supreme Court will not interfere with the finding of the Circuit Court on a question of fact submitted to it, if the testimony be conflicting.

Thursday,
June 5.

ERROR to the *Madison* Circuit Court.

Sullivan, J.—Debt by the plaintiffs against the defendant and one *Sim* on a sealed bill. *Davis* pleaded *non est factum.* *Sim* made default. The cause was tried by the Court. On the issue, the Court found for the defendant *Davis.* Judgment was entered against *Sim.*

The note sued on was for the sum of 180 dollars payable to the plaintiffs. On the trial, the deposition of a witness was read which stated that he, the deponent, was the subscribing witness to the note, and that "when he was called in to see the note signed it was blank so far as related to their names and to the amount, and when he witnessed it, it was changed only by the addition of the names of the signers, and the blank as to the amount still remained." There is some obscurity in the statement of the witness as above given from his deposition. The parties, however, agree that the note after it was signed and sealed was blank both as to the payee's name and to the amount. The witness further stated, that *Davis* and *Sim*, at the time of signing the note, said that it was to be used at the paper-mill of *Sheets* and *Yandes*, at *Indianapolis*, for the purchase of paper, and that the quantity of paper that *Sim* proposed to get could not then be stated, but it would amount to 40 or 50 dollars in value. *Sim* took possession of the note and passed it to the

plaintiffs. The question is whether the note is binding on *Davis.*

An alteration in a bond or deed after its execution, in a material part, without the consent of the parties, vitiates the instrument. But if the alteration be made, even in a material part, with the consent of the parties, it is valid. We are aware that there is a diversity of opinion, as to whether consent even will give validity to a deed that has been altered after execution in a material part, but the weight of authority is that it will. *Hudson* v. *Revett*, 5 Bingh. 368.—1 Greenl. Ev. 635, and note 8.—*Woolley* v. *Constant*, 4 J. R. 54. The principle was also recognized by this Court in the case of *The State* v. *Polke, Nov.* term, 1843. The case of *Texira* v. *Evans*, cited in 1 Anstr. 228, resembles in some respects the one under consideration. A bond was signed in blank, and given to an agent with instructions to raise money upon it. It was negotiated and filled up by the agent, and it was held to be a good bond. That decision has been questioned both in *England* and in the *United States*, but there are several recent decisions that sustain it. *Masters* v. *Miller*, 4 T. R. 320.—*Knapp* v. *Maltby*, 13 Wend. 587. 22 Wend. 348 (1). And a bond executed in blank as to a material part, with parol authority to an agent to fill up the blank and deliver it, which he did, was held valid. *Ex parte Kerwin*, 8 Cowen, 118. In neither of those cases, however, did the agent transcend his authority; and it is to be observed, that in all the cases that sustain as valid a bond imperfectly executed and afterwards completed, the consent of the obligor is established. We have been cited to the case of the *Bank of St. Clairsville* v. *Smith et al.*, 5 Ohio R. 222, as maintaining a contrary doctrine; but that case turned upon the construction of the statute of *Ohio* relative to the negotiability of sealed bills. This Court however has decided, that the statute of this state on the same subject, will not bear such a construction. *Lewis* v. *Wilson*, 5 Blackf. 370.

It is always a matter of fact for the jury to decide, whether consent was given or not, and that brings us to the point upon which this case must turn. The testimony is, that at the time the note was signed and sealed by *Davis*, it was said that it was to be used at the mill of *Sheets* and *Yandes*, and for the purchase of paper that should not exceed in

amount 50 dollars. Opposed to this is the circumstance that there was a blank left for the names of the payees, as well as for the amount, and the inquiry arises, why, if the note was to be negotiated at the mill of *Sheets* and *Yandes*, was it not made payable to them in the first instance? These conflicting facts and circumstances were necessary to be weighed and decided by the tribunal whose duty it is to decide matters of fact, and they have been so decided in favour of the defendant. If upon this testimony the Court, which, by consent of the parties, was substituted for a jury, were authorized to decide that *Davis* did not consent to the alteration, their decision must stand, for it has been the unvarying practice of this Court to leave the verdict of a jury undisturbed on a question of fact, where the testimony has been conflicting. We think the testimony taken together was of such a character, as that the Court might decide that it did not establish, to their satisfaction, the consent required. The fact then being decided by the tribunal chosen by the parties for that purpose, that *Davis* did not consent to the note as it now stands, either before or after it was filled up, we can do no otherwise than affirm the judgment of the Circuit Court.

*Per Curiam.*—The judgment is affirmed with costs.

*C. Fletcher, O. Butler,* and *S. Yandes,* for the plaintiffs.

*H.* and *H. Brown,* for the defendant.

(1) The case of *Texira* v. *Evans*, cited in the text, is expressly overruled in *England,* on the ground that to allow the blank to be filled up by an agent appointed by parol, and then delivered in the absence of the principal, as a deed, would be a violation of the principle, that an attorney to execute and deliver a deed for another must himself be appointed by deed. *Hibblewhite* v. *M'Morine*, 6 M. & W. 200.