### CHISM et al. v. TOOMER.

PROMISSORY NOTES AND BILLS—*When void by alteration, burthen of proof, etc.* Any material alteration of a note or bill, after delivery, without the consent of the maker, either as to time of payment or amount, whether such alteration be favorable to the maker or not, renders the note or bill void, and a plea by the maker, setting up such defense, where the alteration appears upon the face of the note or bill, devolves the burthen of proof upon the payee or holder to show that the alteration was made before the delivery, or afterwards, by consent of the maker; otherwise, where the alteration does not appear upon the face of the note or bill.

APPEAL FROM JOHNSON CIRCUIT COURT.

HON. WILLIAM N. MAY, *Circuit Judge.*

*English, Gantt & English,* for Appellants.

*First,* The obligation filed before the Justice, as the foundation of the suit, shows no cause of action, and the Circuit Court should have dismissed the case, on appeal. *Latham vs. Jones,* 6 *Ark.,* 371; *Dicus vs. Bright,* 23, *Ark.,* 110; *Levy vs. Shurman,* 6 *Ark.,* 182.

*Second,* The court erred in sustaining the demurrer to the answer—it showed a material alteration of the instrument sued on, and was good as a special plea of *non est factum.* *Story on Prom. Notes,* 6 *ed. sec.* 408; *a* and notes; *Brown vs. Briggs,* 20 *Ind.,* 139; *Gardner vs. Walsh,* 32 *Eng. L. & Eq.,* 162; *U. States vs. Nelson,* 2 *Brock.,* 62; *McVean vs. Scott,* 46 *Barber (N. Y.)* 319; *Hall admx. vs. McHenry,* 19 *Iowa,* 521; *Boalt vs. Brown,* 13 *Ohio (N. S.)* 364; *Morrison vs. Willy,* 18 *Md.* 169; *Martin et al. vs. Thompson et al.,* 24 *Howard U. S.* 316.

*Third,* The court erred in rendering judgment for 10 per cent. interest, the words "until paid," not being in the note. *Brewster vs. Wakefield,* 22 *Howard U. S.,* 119.

*Clark & Williams,* for Appellee.

There being no bill of exceptions on motion for a new trial,

there is nothing for this court to consider except the action of the court in sustaining the demurrer of appellee to the amended answer.

The alteration of the note was not such as could vitiate—it was not fraudulent and could injure no one. The plea does not pretend that the payee was privy to the alteration, or knew anything about it. See 2d *Parsons on Cont.* 718, *et seq.*, *and notes.*

McClure, C. J.—Suit was commenced before a Justice of the Peace, of Franklin county, in November 1860, by Joshua Toomer, on the following instrument :

" One day after date we or either of us promise to pay James Patterson, Internal Improvement Commissioner, one hundred and ten dollars, for value received, with ten per cent. per annum from date.

Witness our hands and seals.

January 24, 1857.

|                | D. A. R. Mays,  | [Seal.]   |
|----------------|-----------------|-----------|
| (Signed)       | G. H. Chism,    | [Seal.]   |
|                | W. M. Black,    | [Seal.]"  |

Chism, only, was served with process. After several mistrials before the Justice of the Peace, judgment was rendered in favor of Chism, and Toomer appealed to the Circuit Court. In the Circuit Court, Chism filed an answer, in the nature of a special plea of *non est factum.* The plea in substance sets up, that he, Chism, wrote, signed, sealed and delivered, to the wife of Mays, a note for three hundred dollars which was to be signed by the husband of Mrs. Mays, and one W. M. Black ; that, after said writing was delivered to the wife of Mays, the word " three," before the word " hundred," was stricken out and the word " one " written before the word " hundred," and before the word dollars ; that he never directed or consented, and that he gave no authority whatever, to any one, to make said alterations ; nor did he direct or consent to the delivery of the said writing to any person, after such alteration, or

have any knowledge of such alteration until a short time before the commencement of this suit. The answer then concludes by saying, " The said defendant therefore says that the said writing, so altered as aforesaid, is not his act and deed, wherefore he prays, etc."

To this answer, a demurrer was filed, which was by the court sustained. The appellant declining to plead further, judgment was rendered against Chism for $110 $\frac{00}{100}$ debt, and $144 $\frac{50}{100}$ interest, and thereupon Chism appealed to this court.

The first ground of demurrer is, "that the answer fails to aver any erasure, alteration or interlineation in said writing, *after delivery thereof to the payee*, and fails to aver any participation in the alleged alterations, interlineations and erasures, *by the plaintiff or his assignor.*"

The second ground of demurrer was : "that the alterations, erasures and interlineations, in said answer set forth, tending to diminish the rights of James Patterson, the payee of said writing, and the plaintiff in this cause, his assignee, appearing on the face of said writing, the law presumes said alterations to have been made before or at the time of execution, without proof to the contrary. And said answer failing to aver that the same were made after delivery of the writing sued on, and by or through the procurement of said Patterson or the plaintiff, is defective as a defense, although really made after the signing and delivery to Mays' wife, as in said answer set forth."

As will be seen, the demurrer admits that the instrument sued on was altered from a note of three hundred dollars to a note for one hundred and ten dollars. From the demurrer it appears that the court below was of opinion, first, that it was the duty of Chism to implicate a holder of the note, after issue, in the alterations, or that the appellant would be bound by such alterations as Mays and Black did afterwards make. The proposition is erroneous. Chief Justice Gibson, in *Simpson vs. Stackhouse*, (9 *Barr.* 186) in speaking of the alteration of a note said : " As bills and notes are intended for circula-

tion, and as payees do not usually receive them, clogged with impediments to their circulation, *there is a presumption that they start fair and untarnished, which stands until it is repelled*; and a *holder*, (mark you) a holder, ought therefore to explain why he took it branded with marks of suspicion. The maker of a note cannot be expected to account for .what. may have happened to it after it left his hands; but a payee or indorsee who takes it condemned and discredited *on the face of it* ought to be prepared to show what it was when he received it."

The second conclusion to which the court seems to have come is, that inasmuch as Chism was not *damnified* by the alteration of his co-obligors, that the change was not *material*. This is not the test to determine whether the alteration is "*material*." The test is whether the alteration made it a new note; and not whether the new note was more or less beneficial to one of the obligors. Some of the courts of the Union have held that if blank spaces be left in a note or bond, and the same were afterwards filled up, that consent would be implied. *Wiley vs. Moon*, 17 *Serg. & Rawle*, 438; *Smith vs. Croker*, 5 *Mass.* 538; 7 *Blackf.* 412.

An alteration of the day of payment, by extending the time, is an alteration which might be regarded as beneficial to any one of the obligors; yet such an alteration renders the note void as to those who did not consent. 3 *Yeates*, 391; 19 *Penn. State*, 119. In the case of *Henman vs. Dickinson*, 5 *Bing.*, 183, a bill had been changed from £40 17s. 6d. to £49 17s. 6d., and the alteration appeared on the face of the bill, just as it does in this case. It was urged, on the trial, that the party producing the bill ought not to be compelled to show that the alteration was made before acceptance, but that the onus of establishing this fact should be with the defendant. In response to the proposition, Chief Justice Best said: "We are of opinion, that where an alteration appears on the face of the bill, *the party producing it* must show that the alteration was made with consent of parties, or before the issuing of the bill." In this case, there is no such attempt, and the

burthen of establishing the alteration is transferred from the holder to one of the obligors who positively and emphatically denies the execution of the instrument sued on. This cannot be done. In this case, Chism files a plea of *non est factum;* an issue, formed on this plea, would have determined what? It would have determined whether Chism executed and delivered the instrument sued on. The demurrer confesses the plea, and admits that Chism did not execute the instrument as sued on, but for three hundred dollars; it not only admits this, but it also admits that neither Mays or Black had authority to make any alteration or changes which would bind the appellant, and that the appellant had no knowledge of the alteration until just before the bringing of the suit, which was a period of about ten years. The sole question to be determined, on the appellant's answer, was: Did Chism execute and deliver a note to Patterson, through Mrs. Mays, or any one else, for one hundred and ten dollars? Or, to put it a little broader: Did Chism assent or consent that the note for three hundred dollars, which he delivered to Mrs. Mays, to be signed by her husband and Black, should be changed to a note for one hundred and ten dollars? If he did not, he is not bound. It may be said that the man who was willing to be held for three hundred dollars, ought not to be allowed to complain because he is only held for one hundred and ten dollars. The answer is, that there may have been considerations which would have induced Chism to have signed a note for three hundred dollars, that would not have led him to sign a note for one hundred and ten dollars. For aught we know, Chism was to have paid a portion of the three hundred dollars, and if so, the altering of the note, without his consent, to a note for one hundred and ten dollars, may have been the means of depriving him of the only consideration which moved him to sign the note in the first instance. Be this as it may, one thing is very clear, and it is, that Chism did not sign a note for one hundred and ten dollars, nor did he consent to the three hundred dollar note being changed into a

note for one hundred and ten dollars; therefore it was not his deed, and the court erred in sustaining the demurrer.

There are two other questions argued by appellants' counsel, but, under the view we have taken, the decision of which are not necessary to a disposition of this case; but for the error aforesaid, the judgment of the Circuit Court of Franklin county is reversed, and the court below is directed to overrule the demurrer to the appellants' answer, and the cause is remanded.