MOSES T. BURWELL

*v.*

HENRY S. ORR *et al.*

84 465
35a 198
84 465
41a 559
84 465
89a ²400
84 465
f191 ³142

1. PRACTICE—*opening judgment by confession at subsequent term.* The provision of the statute, that "the court may, during the term," set aside any judgment for good and sufficient cause, will not be so construed as to prevent a court from making an order, at a subsequent term, opening a judgment by confession, entered upon a power of attorney which has been materially altered.

2. ALTERATION—*of power of attorney renders it void.* A power of attorney to confess a judgment, which is materially altered whilst in the hands of the payee of the indebtedness, without any explanation of the alteration, is made void by such alteration, and a judgment entered by confession under it is also void.

3. SAME—*of promissory note.* Where a promissory note, containing a promise to pay a certain sum as attorney's fee, is altered whilst in the hands of the payee, increasing the amount of such fee, the alteration will be presumed to have been made by him, and the note becomes thereby utterly void, and can not be collected, even by a subsequent indorsee in good faith without notice.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. KINNEAR & YEOMANS, for the appellant.

Messrs. REED & BARRINGER, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is assumpsit, by appellant, against appellees. The original declaration was upon what is called a promissory note,

30—84TH ILL.

alleged to be indorsed to plaintiff before due, dated December 26, 1874, and signed by appellees, by which they promise, one year after date, to pay to the order of J. M. Clevenger, $2270, with ten per cent interest from date, and if not paid at maturity, to pay interest at the rate of twenty-four per cent per annum from maturity, as liquidated damages, and $300 as attorney's fees. To this was attached a power of attorney signed by appellees, authorizing J. M. Clevenger, or any attorney of any court of record, to confess judgment in favor of "J. M. Clevenger, or order or assigns," for the said money and damages, together with costs, and also $300 attorney's fee.

At the April term of the circuit court judgment was entered by confession, under these papers, in favor of appellant, and against appellees, for $2655.

At the August term of the court, on motion of appellees and notice to appellant, this judgment was ordered to be opened, and appellees were allowed to plead.

Appellant, on leave, amended his declaration by adding the common counts.

Appellees filed pleas of usury, also denying the execution of the instrument sued upon in the first count. Issues were formed and tried by the court, a jury being waived. The finding and judgment were for appellees, and appellant brings the record here and insists that it was error to open the judgment and allow pleas to be filed; and, also, that the finding was against the evidence.

There seems no serious dispute about the facts. The note, so called, at the time when it was signed by appellees, as well as the power of attorney, contained no promise to pay $300 as attorney's fee, and no power to confess judgment for an attorney's fee of $300; but did contain, instead, a promise to pay $3 as attorney's fee, and a power to confess judgment for $3, an attorney's fee. The note and power of attorney were both altered after the execution of the papers and before the assignment of the so called note, by inserting the word "hundred" after the word "three," where it occurred in these papers, relating to the attorney's fee. The note was indorsed

to plaintiff before it became due. The original consideration of the note was money loaned to appellees by J. M. Clevenger. There is no direct proof showing by whose hand the alterations were made, changing the words "three dollars" to "three hundred dollars."

It is insisted, that by reason of the language of our statute, providing that the court "may, during the term," set aside any judgment upon good and sufficient cause, upon affidavit, the circuit court had no power in this case, at a subsequent term, to make the order opening this judgment. We do not think the rule of construction, that "the expression of the one is the exclusion of the other," can be carried so far. In this case the alteration of the power of attorney was material; it was made while in the hands of the payee of the note; no proof is offered tending to show that it was done by a stranger, and it follows, that by reason of the alteration the paper became and was void. There was, then, *no power* of attorney. The court that entered the judgment by confession had no jurisdiction of the persons of the appellees, and hence the judgment itself was absolutely void. There was no error in permitting the appellees to plead to the declaration. By the same reasoning, the finding of the court was correct under the proofs. The alteration of the instrument on which the suit was brought was material, and, under the circumstances, must be presumed to have been made by, or with the consent, of the holder. If so, the whole instrument, by the alteration, became *ipso facto* void. No subsequent indorsement, even to a *bona fide* purchaser for value, could give validity to a void instrument.

Under the view we take, it is unnecessary to discuss the questions relating to the defense of usury. It has been suggested, that the vitiating of the writing did not necessarily extinguish the liability for the borrowed money for which the paper was given. This may be so; but that liability, if it exists, is to the lender of the money, and not to his assignee, and this liability may or may not embrace all of appellees. This must depend upon their connection with and relations to

the matter of the borrowing, which can not be tried or investigated in an action to which the lender of the money is not a party.

*Judgment affirmed.*