GEORGE E. HEWINS *vs.* DAVID CARGILL.

Kennebec. Decided June 27, 1877.

*Promissory notes.*

An alteration of a note for $500, to one for $400 is a material alteration, and if made without the consent of the signer or indorser, will constitute a good defense to his liability on the note.

The defendant, taking upon himself the burden of proof, may defend by proving a material alteration of the contract declared on without making the affidavit and giving the notice prescribed by Rule X of this court.

ON EXCEPTIONS.

ASSUMPSIT against the defendant as one of the signers on the back of a promissory note for $400.

The plaintiff introduced in evidence, the note described in his writ with protest of the notary.

The defendant then offered evidence tending to show that the note, since it was signed by him, had been materially altered. The plaintiff objected on the ground that no notice had been given as required by Rule X of this court. The presiding justice admitted the evidence.

It appeared in evidence that the defendant signed his name on the back of a note for $500, made by Kaler Brothers—that the $500 note was altered to the $400 note in suit, without the defendant's knowledge or consent, and with the knowledge of the plaintiff. Upon this point the presiding justice instructed the jury as follows, viz:

"The plaintiff admitting that the note was altered in the manner alleged, takes upon himself the burden again to satisfy you that it was done by previous consent of the defendant, Cargill, or by a subsequent ratification. To constitute a valid ratification of the alteration of the note, it must be shown that the defendant consented to it, and agreed to be holden upon the note after it was altered, having full knowledge of all the facts in regard to it."

And the court further instructed the jury as to interest to be allowed as follows: "If you find for the plaintiff, you may cast

interest at the rate of 12 per cent until the note became due, one year; after that time 6 per cent. The note reads 'interest at 12 per cent.' The construction I put upon it is 12 per cent until maturity, and after that the plaintiff is entitled to interest at the rate of 6 per cent down to the present time."

The verdict was for. the defendant; and the plaintiff alleged exceptions.

*E. W. Whitehouse,* for the plaintiff, contended, in substance, that by the terms of Reg. Gen. X, the defendant was not permitted to call for proof of the execution of the paper declared on, because he had not made the affidavit of belief of its alteration ; that a fair construction of the rule was that he should not be permitted to deny the execution of the paper; that it should be taken as true without proof; and that no proof should be admitted to the contrary.

*E. F. Pillsbury,* for the defendant, contended in substance, that by waiving his right to put the plaintiff to proof of the execution of the paper, he had not thereby waived his right to prove affirmatively that there had been a material alteration.

LIBBEY, J. Undoubtedly the change of a note for $500 to a note for $400 is a material alteration of it; and, if made without his consent, will discharge a signer or indorser. True, the change is not disadvantageous to one who is holden to pay it, since it only reduces the amount for which he would otherwise be liable ; but it makes another and a different contract of it ; and any signer or indorser has a right to say, and can say truly, that the note in its altered form, is not his contract. This question was fully examined in *Chadwick* v. *Eastman,* 53 Maine, 12, and *Lee* v. *Starbird,* 55 Maine, 491.

It is contended by the counsel for the plaintiff that this defense is not open to the defendant, because he did not make the affidavit and give the notice required by Rule X of this court. But it seems to us that the whole prohibitory force of the rule, as it stands, is to prevent the defendant from calling upon the plaintiff to prove in the outset the signature of the defendant, on the execution of the contract declared on ; and that it does not preclude

the defendant from taking the burden upon himself of proving an alteration which would avoid the contract. If he offers evidence of such alteration which is a surprise to the plaintiff, the presiding judge, in the absence of any previous notice that such defense was intended, would doubtless order a postponement, on the application of the plaintiff, to enable him to meet it. Cases are liable to arise where the first knowledge that the defendant has of any alteration is when the instrument is produced at the trial in evidence. If we construed the rule as precluding the defendant from proving an alteration without previous affidavit and notice, no judge would hesitate to allow a defendant, thus surprised, time to prepare his affidavit and give notice of his intention to make the defense, and this would necessitate the same delay which it was the object of the rule to avoid. If the defendant's affidavit of his confidence in such defense and his design to make it is desirable, the rule can be amended so as to require it; but as it reads we think it only dispenses, in the absence of the affidavit, with the formal proof of execution which the plaintiff would have to make in order to get the instrument before the jury as evidence.

As the verdict was for the defendant, the instruction as to the rule for computing interest on the note becomes immaterial.

*Exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.