(No. 12782.—Reversed and remanded.)

ANNA R. KELLER, Plaintiff in Error, *vs.* THE STATE BANK OF ROCK ISLAND, Defendant in Error.

*Opinion filed April 21, 1920.*

1. BILLS AND NOTES—*material alteration of negotiable instrument renders it void.* The material alteration of a negotiable instrument by a party to it without the consent of the maker, whether or not the alteration is injurious to him, renders the instrument void, and reducing the amount without the maker's knowledge will avoid the instrument so that it cannot be enforced, even by a subsequent purchaser in good faith.

2. SAME—*one who has filled in amount of a blank check can not subsequently alter it without further authority.* Where a person signs a negotiable instrument which is incomplete because the amount is left blank and delivers it for use the custodian of the paper has implied authority to fill in the amount, but where a blank check has been completed by the custodian filling in the amount he has no right to alter the amount, even by reducing it, without further authority of the maker, as such alteration is, in effect, the making of another check.

3. APPEALS AND ERRORS—*when Supreme Court cannot presume that question was waived.* Where the record of the trial court presents a question covered by the evidence and the bill of exceptions does not show any waiver the Supreme Court cannot presume that the question was waived.

4. SAME—*Appellate Court's recital of facts should include all ultimate facts.* Where the record of the trial court presents more than one ultimate question of fact and the Appellate Court reverses the judgment without remanding the cause, the recital of facts in its judgment should contain all ultimate material facts upon which the judgment is based.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding.

KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for plaintiff in error.

CONNELLY & WALKER, and MARSHALL & MARSHALL, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the Second District reversed a judgment of the circuit court of Rock Island county against the State Bank of Rock Island in favor of Anna R. Keller, and the case has been certified to us for review in response to a writ of *certiorari*.

On June 4, 1914, Mrs. Pearl I. Hawley, who had a savings account in the State Bank of Rock Island, went with her mother, Anna R. Keller, to the bank and had the account changed and a new book issued in the name of "Anna R. Keller or Pearl I. Hawley." The change was made because Mrs. Hawley feared that her husband might interfere with the account. The amount was $1874.75, which was reduced by checks of Mrs. Hawley paid from time to time, and interest was credited semi-annually. Mrs. Keller never drew any checks against the account. Mrs. Hawley died January 18, 1917, and soon after Mrs. Keller, claiming there was a balance due on the account, demanded payment, which was refused, and thereupon she sued the bank in assumpsit. The bank defended on the ground that it had paid the whole amount on checks signed by Mrs. Hawley. The trial resulted in a verdict for the plaintiff and a judgment for $1059.74. The bank claimed to have paid this amount on a check of Mrs. Hawley which

the plaintiff in error claims was not signed by her, or if it was signed by her, was materially changed without her authority before payment.

Mrs. Hawley lived with her husband, William C. Hawley, on a farm near Ainsworth, Iowa. The contested check was written on a blank of the Commercial Savings Bank of Washington, Iowa, with a line drawn through those names and the words "Rock Island State Bank" and "Rock Island, Ill.," written above them. It was dated January 2, 1917, the payee was the Ainsworth Savings Bank, and its amount was $1079.48. It was presented for payment by the People's National Bank of Rock Island on January 13, 1917. It bore the rubber stamp indorsements of the Ainsworth Savings Bank, the Iowa National Bank of Davenport, Iowa, and the People's National Bank. Payment was refused, the check was stamped on its face "insufficient funds," and was returned to the People's National Bank. This bank returned it to the Iowa National Bank, which informed the Ainsworth Savings Bank by telephone that payment had been refused because of insufficient funds and the check was coming back. Stephens, the cashier of the Ainsworth Savings Bank, then authorized the Iowa National Bank to change the amount, which was done by L. G. Bein, assistant cashier of the Iowa National Bank, drawing a line through the amounts written in the body of the check and in figures in the margin and writing above them in red ink the amount $1059.74. Bein also wrote on the back of the check the statement that the amount had been changed by that bank and was guaranteed to be $1059.74, January 15, 1917. The check so altered was then deposited again with the People's National Bank and on January 16, 1917, was presented to the defendant in error and paid.

On the day the check for $1079.48 was presented and dishonored the bank wrote a letter to Mrs. Hawley informing her that payment of her check had been refused because of insufficient funds; that her balance was $1059.74, and

that a check for that amount would be honored. Her husband testified that he showed her this letter but not that she read it or could have read it or was conscious, and that the next morning he went to the Ainsworth Savings Bank. There was no evidence of any statement made by Mrs. Hawley either at that time or when the check was signed. The plaintiff in error testified that Mrs. Hawley was unconscious from January 9 until her death, on January 18, and there is no evidence that she was not. Stephens, the cashier of the Ainsworth Savings Bank, testified that the check was first brought to him by Hawley with the name of the payee and the amount blank. Stephens wrote in the name of the payee and the amount, which he got from Hawley, who had him figure the interest on the account. Stephens then sent the check to the Iowa National Bank for collection, and when afterward informed by that bank that the amount was not correct he conferred with Hawley, and then told the bank that Hawley was willing for them to change the amount.

The Appellate Court did not remand the cause but made a finding of fact "that the check of January 2, 1917, drawn in favor of Ainsworth Savings Bank, was the genuine check of Pearl I. Hawley, duly signed and delivered by her." The plaintiff in error insists that the finding did not include all the ultimate facts in the case and was not sufficient to justify a judgment against her. Her counsel argue that there were two questions of fact in the case, viz.: First, did the check bear the genuine signature of Pearl I. Hawley? Second, was it materially altered after delivery without her authority? Assuming that these two questions are in the record, it is manifest that the Appellate Court's finding does not touch the second. It may be, and we must assume, as the Appellate Court has found, that the check of January 2, 1917, was Mrs. Hawley's genuine check, but that check was never paid. That was a check for $1079.48 and was dishonored because of insufficient funds. The material alteration of a negotiable instrument by a party to it with-

out the consent of the maker renders the instrument void, and it cannot be enforced, even by a subsequent purchaser in good faith without notice. (*Pankey* v. *Mitchell*, Breese, 383; *Burwell* v. *Orr*, 84 Ill. 465.) It is immaterial whether the alteration is injurious or beneficial to the party who is liable on the instrument. Reducing the amount without the maker's knowledge will avoid the instrument. (*Moore* v. *Hutchinson*, 69 Mo. 429; *State Savings Bank* v. *Shaffer*, 9 Neb. 1; *New York Life Ins. Co.* v. *Martindale*, 75 Kan. 142; *Johnston* v. *May*, 76 Ind. 293; *Hewins* v. *Cargill*, 67 Me. 554; *Chism* v. *Toomer*, 27 Ark. 108; *Keene* v. *Weeks*, 19 R. I. 309; *Fillmore County* v. *Greenleaf*, 80 Minn. 242.) The question is not whether the change is injurious or beneficial to the maker of the instrument, but does it materially affect his rights? Is the changed instrument the contract which he made? "In the one case no less than in the other the altered paper is not the contract which the party has made, and in neither case can the courts declare it to be his contract or enforce it as such. The law proceeds on the idea that the identity of the contract has been destroyed; that the contract made is not the contract before the court; that the party did not make the contract which was before the court; and, so adjudging, it cannot go further and hold him bound by it, on speculations, however probable and plausible, that he would or ought to have entered it in [into] the altered agreement, because it involved less liability than the original and only paper executed by him." *Montgomery* v. *Crosthwait*, 90 Ala. 553.

Where a person signs a negotiable instrument which is incomplete because the amount is left blank and delivers it for use, the custodian of the paper has implied authority to fill in the amount. (*Merritt* v. *Boyden & Son*, 191 Ill. 136.) Accordingly, when the cashier of the Ainsworth State Bank, at the direction of William C. Hawley, wrote into the paper bearing Mrs. Hawley's name the amount of $1079.48, the paper became her genuine check for that amount, as was

found by the Appellate Court. It was not paid, but after its dishonor the payee caused the amount to be changed to $1059.74. This made another and different check. There is no finding that this change was authorized by Mrs. Hawley or that this check was her genuine check. When she gave her check in blank she gave the custodian implied authority to perfect the check by filling the blank. There is no evidence of any other authority than that implied by law. Hawley perfected the check by causing the blank to be filled. This was in accordance with his implied authority and Mrs. Hawley became bound by the check. He was not, however, authorized to bind her by another check. He had made the check which he was authorized to make, and he could not make another without further authority.

Counsel for the defendant in error refer to cases holding that the holder of a negotiable instrument indorsed in blank may correct the contract which he has written above a blank indorsement, even as late as the trial. It is true that a blank indorsement on a promissory note which has been filled up to state the contract incorrectly may be corrected so as to state the contract correctly, but in the present case the blank was filled in accordance with the authority of the agent and became by that act binding on his principal, as the Appellate Court has found. He could not without other authority bind her by another check.

The defendant in error contends that the plaintiff in error did not argue, either in the trial court or the Appellate Court, that the check was void by reason of the alterations. The record of the trial court presents this question, the evidence was all introduced, and the bill of exceptions does not show any waiver by the plaintiff in error. We cannot presume it was waived. The defendant in error has obtained leave of the court to file, and has filed, a copy of the plaintiff in error's Appellate Court brief in support of its contention as to the claim of the plaintiff in error in that court. From this brief it appears that the plaintiff in

error here, who was the appellee there, insisted that the only question before either the trial court or the Appellate Court was "whether or not this check was a forgery, or whether or not the bank had any right to pay the same even if it was not a forgery, when it had knowledge that the alterations on the face of the check were not made by the purported drawer of the check and without any inquiry as to whether or not the alterations on the face of the check were authorized by the drawer." Again she says: "If the check purporting to have been drawn by Pearl I. Hawley was, in fact, drawn by her and the signature thereto was her genuine signature, then when that check was paid by appellant it constituted full payment and was a full and complete defense to this case." That check, however, was not paid. There is no finding and no evidence that it was. It is evident that the legal effect of the alterations in the check upon the liability of the defendant in error was urged in both courts.

Errors occurring in the progress of the trial were assigned by the defendant in error upon the record of the trial court but were not considered by the Appellate Court. Since the latter court reversed the judgment without remanding the cause and without a finding of the ultimate material facts upon which its judgment was based, the judgment must be reversed and the cause remanded to the Appellate Court. When the cause comes before that court again it will either affirm the judgment or reverse it and remand the cause, or if it finds the facts differently from the trial court it may reverse the judgment without remanding the cause, reciting the facts so found in its judgment.

*Reversed and remanded.*

Mr. JUSTICE THOMPSON took no part in this decision.