**First National Bank of Morrisonville, Appellee, v. Mary A. May, Appellant.**

### Gen. No. 7,612.

JUDGMENTS—*reopening judgment on note by confession to admit defense of alteration opens as to all joint defendants.* An order made on motion of one of two makers sued jointly on a judgment note, directing the lower court to reopen the judgment entered by confession to admit the defense of material alteration after execution of the note, reopens the judgment as to both defendants since the defense goes to the validity of the whole instrument, and it was error, after trial of the issue of alteration, to enter a separate judgment against the maker, who moved for leave to have the judgment reopened and to plead the defense in question, in an entirely different amount than the original joint judgment and to leave the joint judgment stand as against the other maker.

Appeal by defendant from the Circuit Court of Christian county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed October 26, 1923.

McDAVID, MONROE & HERSHEY, for appellant.

Hogan & Reese, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

This is an appeal from the judgment rendered against Mary A. May, the appellant, in favor of the First National Bank of Morrisonville, in the circuit court of Christian county. This case was before this court on a previous appeal, from an order of the court denying the motion of the appellant to open up a judgment which had been rendered jointly against her and her codefendant, D. H. May, by confession. [226 Ill. App. 630. Abstract.] The facts involved in this controversy are stated in the opinion filed concerning the previous appeal. The First National Bank of Morrisonville took judgment for $2,744.26 on the 11th day of May, 1921, in the circuit court of Christian county, on a judgment note made by D. H. May and Mary A. May; thereafter, on the 17th day of May following, the appellant, as one of the makers of the note in question, filed her motion in the circuit court to set aside or open the judgment and for leave to plead in defense, which motion was supported by her own affidavit and the affidavit of Anthony May, her husband, who had acted as her agent in matters connected with the execution of the note. The averments in the affidavit of appellant are to the effect that the judgment note in question was executed by her as a note for $600; that when she signed the note as maker, the words "six hundred dollars" were in the note, and that afterwards the word "hundred" was changed to "thousand," so as to make the note read "six thousand dollars." After she had signed the note she gave it to her husband, Anthony May, who, acting as her agent, delivered the same to the appellee; and that the note was altered after its delivery to the appellee without her knowledge, permission, consent or authority. The holding of this court on the previous appeal was that the showing made in the affidavits, which had been

filed in support of the motion, presented a prima facie
case of material alteration of the note (*Keller v. State
Bank of Rock Island*, 292 Ill. 553) and the judgment
was reversed and the cause remanded with directions
to the circuit court to grant the motion to open the
judgment and allow the appellant to plead the matters
set up in the affidavit in defense of the note. When the
case was thereupon reinstated in the court below, the
following order was entered, in conformity to the man-
date of this court: "Under the mandate of the Ap-
pellate Court, a motion to vacate the judgment, stay-
ing judgment and leave to plead is granted, and the
judgment heretofore entered is opened up, same to
remain a lien and execution stayed." Thereupon the
appellee, as plaintiff, obtained leave to file an amend-
ment to the declaration by adding the common counts,
and the appellant pleaded the matters of defense to
the judgment note which were set up in the affidavits
heretofore referred to. Thereafter there was a trial
by the court, which resulted in a judgment against the
appellant for the sum of $3,157.20. The judgment
rendered is distinct and separate from the original
judgment and solely against the appellant, the original
judgment having been rendered against D. H. May
and the appellant jointly, as joint makers of the judg-
ment note in question; moreover the last judgment is
apparently based on a different cause of action, and it
is evident that both the trial court and counsel acted
on the assumption that the original judgment had been
opened only as to the appellant, and that it re-
mained in full force and effect against her codefendant
in the judgment, D. H. May. This assumption is erro-
neous, as appears from the mandate of this court and
the order of the circuit court entered in conformity
therewith. The entire judgment was opened up to
allow the appellant to make her defense, which defense
involved the validity of the instrument as a whole. If
the validity of the instrument were established by

512    APPELLATE COURTS OF ILLINOIS.

First Natl. Bank of Morrisonville v. May, 231 Ill. App. 509.

proof sufficient to show the material alteration alleged after execution of the note, then the reopened judgment should have been set aside and vacated; if the defense were not proven, then the order and judgment of the court should be that the reopened judgment should stand as originally rendered. This was the only question legally presented for determination in the case. The judgment which was rendered, which is a different judgment, based upon a different issue and against the appellant alone, was erroneous. In *Gould v. Sternburg*, 69 Ill. 531, which involved the question of rendering a separate judgment against one of two joined defendants who were sued jointly as makers of promissory notes, the court said: "We know of no warrant in the law for rendering separate judgments for different amounts against defendants severally, when sued in a joint action upon a contract, and all served with process. In such case, there can be but one judgment for one amount, and it must be against all the defendants, unless one or more of them be discharged from the suit. The proper course here would have been to have set aside the judgment by default against Richardson as well as Gould, and then, on trial of the issues tendered by Gould, to have assessed the damages against both defendants, and have rendered a joint judgment against them. *Wight v. Meredith* and *Wight v. Hoffman*, 4 Scam. [5 Ill.] 360, 362." The same principle is enunciated in *Earp v. Lee*, 71 Ill. 193; *Claflin v. Dunne*, 129 Ill. 241; *West Chicago St. R. Co. v. Morrison, Adams & Allen Co.*, 160 Ill. 288; *Seymour v. Richardson Fueling Co.*, 205 Ill. 77; also *Reynolds v. Barnard*, 36 Ill. App. 218. For the reasons stated, judgment is reversed and the cause remanded.

*Reversed and remanded.*