## The National City Bank of St. Louis, Missouri, Appellant, v. Laura K. Withus, Appellee.

### Gen. No. 7,776.

ALTERATION OF INSTRUMENTS—*change of rate of interest as invalidating alteration as to holder in due course.* An alteration of a promissory note by changing the rate of interest from 8 to 7 per cent after it has been delivered, without the consent of the maker, is material and voids the note even in the hands of a legal holder in due course.

Appeal by plaintiff from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed March 6, 1925.

WILLIAM and BARRY MUMFORD, for appellant; SAM B. JEFFRIES, of counsel.

CAPPS & WEAVER and WILLIAMS & WILLIAMS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit was brought in the circuit court of Pike county by the appellant, The National City Bank of St. Louis, Missouri, against Laura K. Withus, to recover the amount alleged to be due on a promissory note for $500, and interest accrued thereon. The note had been executed by the appellee on January 16, 1922, and delivered to the payee, George Wegeman, in payment of four shares of oil stock in the Marias Des Cygnes Petroleum Company of Kansas. The appellee claims that by her agreement with the payee the delivery of the note was conditional; that by the terms of this agreement the payee was obligated to make a personal investigation and inspection of the property and plant of the Marias Company of Kansas; and that if upon such personal inspection the property and plant were not as had been represented to her, then the note was to be returned. And it was also

contended that the payee, Wegeman, had violated his agreement by assigning the note to the appellant before he had made such inspection; and that therefore his assignment of the note was fraudulent. Wegeman, in his testimony, did not deny the agreement referred to, but testified that he went to Kansas and made the inspection; and had found the property and plant of the company to be as was represented to the appellee before he actually assigned the note. The question of whether Wegeman had assigned the note before or after his visit to Kansas and inspection of the property apparently constituted the main controversy of fact in the case. The appellant claims to be the legal holder for value of the note; and that it became such holder in due course, and without having had any notice of any existing infirmities in the payee's title to the same. The trial resulted in a verdict finding the issues for the appellee, and judgment was rendered on the verdict. This appeal is prosecuted from the judgment.

Various reasons are urged upon appeal for reversal of the judgment, one of these being the refusal of appellant's instruction No. 1, which we think was properly refused for the reasons hereinafter appearing. It is also contended by the appellant that the giving of appellee's instructions 1 and 2, which relate to the legal effect of the agreement between appellee and payee, and its alleged violation by the payee, was error. But it will not be necessary to consider or determine the questions raised concerning these instructions, inasmuch as it appears from the record that one of the issues in the case, which the jury found in favor of the appellee, was that the promissory note in question had been altered by changing the rate of interest to be paid from 8 per cent to 7 per cent. The undisputed proof on this point is to the effect that such alteration was made, and made after the delivery of the note to the payee and without the consent or acquiescence of the appellee. The note itself,

which was certified to this court for inspection, bears on its face the unmistakable evidence that an erasure has been made at the particular place where the amount of interest is alleged to have been changed. Such change in the rate of interest constitutes a material alteration and avoided the note, and no recovery can therefore be had on the same, even though the appellant may have been a legal holder in due course and for value, and without notice of the existing agreement of conditional delivery existing between the appellee and the payee of the note. It was said in *Keller v. State Bank of Rock Island*, 292 Ill. 553, that: "The material alteration of a negotiable instrument by a party to it, without the consent of the maker, renders the instrument void, and it cannot be enforced, even by a subsequent purchaser in good faith without notice. (*Pankey v. Mitchell*, Breese, 383; *Burwell v. Orr*, 84 Ill. 465.) It is immaterial whether the alteration is injurious or beneficial to the party who is liable on the instrument. Reducing the amount without the maker's knowledge will avoid the instrument."

The judgment is therefore affirmed.

*Judgment affirmed.*