The Liquid Carbonic Corporation, Appellant, v. Arthur Schalitt et al., Appellees.

Gen. No. 38,739.

Opinion filed June 22, 1936.   Rehearing denied July 6, 1936.

GEORGE A. BOSOMBURG, of Chicago, for appellant.

KABAKER & KABAKER, of Chicago, for appellees; JULIUS L. KABAKER, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment of the municipal court and an order of *retorno habendo* which were entered in a replevin suit in favor of the defendant Arthur Schalitt.

On November 7, 1935, the plaintiff The Liquid Carbonic Corporation filed a fourth class replevin suit against Arthur I. Schalitt and others. The bailiff served Schalitt, seized the goods and turned them over to plaintiff. On November 20, 1935, when the case was called for trial, Art Drug Co. filed its intervening petition, attacking the plaintiff's title and claiming the right to possession for itself. The cause was heard by a judge without a jury. At the close of plaintiff's case defendant's counsel moved for judgment for defendant, Arthur I. Schalitt, and an order of *retorno habendo*. The court granted both motions of defendant. No point is raised on the pleadings in this appeal.

The theory of the plaintiff is that by producing the chattel mortgage from Thome Drugs, Inc., and the

notes secured thereby, and further by showing there is a past due principal balance of $600, it made at least a prima facie case; that Arthur I. Schalitt having added his signature to the notes of Thome Drugs, Inc. about a year thereafter for the admitted purpose of assuming them, is bound by them to the same extent as if he had signed them simultaneously with Thome Drugs, Inc.

The theory of the defendant is that the addition of Schalitt's signature on the promissory notes of Thome Drugs, Inc., without proof that Thome Drugs, Inc., knew about or consented to the alteration, rendered said notes void as against everybody, including defendant, Arthur I. Schalitt. Defendant further argues that plaintiff, by giving a written consent to Thome Drugs, Inc., to sell the drug store to Arthur I. Schalitt waived plaintiff's chattel mortgage lien and destroyed Schalitt's agreement to assume the chattel mortgage because the written consent superseded such agreement.

The evidence shows that in July, 1934, Thome Drugs, Inc., purchased from The Liquid Carbonic Corporation the soda fountain and appurtenances involved in this litigation; that at the time Thome Drugs, Inc., signed a chattel mortgage securing the balance due which was evidenced by two instalment promissory notes executed by them. The mortgage was signed by the president and attested by the secretary and acknowledged before a notary public and recorded in the office of the recorder of Cook county on July 20, 1934.

The evidence further shows that on March 19, 1935, Arthur I. Schalitt, one of the defendants, went into the office of the plaintiff and told Arthur W. Grafer, the credit man, that he was buying the store and wanted to sign and assume the indebtedness on the fountain mortgage; that Mr. Grafer then permitted him to sign

his name under the names then appearing on the notes, which were "Thome Drugs, L. B. Thome, and Joseph F. Thome"; that at that time Schalitt also said that he had in mind forming a corporation and that when he did he would notify the plaintiff and plaintiff could arrange to foreclose the old chattel mortgage and have a new one executed by the corporation that he, Mr. Schalitt, intended to form.

The evidence further shows that on or about March 25, 1935, the plaintiff received a letter from The American Druggist Fire Insurance Company, showing that the interest of Thome Drugs, Inc., was transferred to Arthur I. Schalitt, but that The Liquid Carbonic Corporation was still one of the mortgagees whose interests were protected under their policy; that on October 28, 1935, Emil A. Hirn went to the drug store where the soda fountain was located and told Schalitt that he was from the office of the attorney for The Liquid Carbonic Corporation and that the chattel mortgage on the soda fountain was past due and asked him to pay it or to have the soda fountain refinanced; that Schalitt told Hirn it was all right to refinance the soda fountain, but asked him to wait a few days because he wanted to have the landlord reduce the rent or he would move to another locality and if he moved the new address should appear on the new contract; that Hirn waited for a few days and on November 4th again called on Schalitt and asked him if he was ready to sign the new contract, but that Schalitt said he was not going to sign anything; that Hirn then demanded possession of the fountain, but that Schalitt said he could not take it and that the matter would have to go through court.

It is the contention of the defendant Schalitt that when he went to the plaintiff's office and requested that permission be granted to the defendant Thome Drugs, Inc. to sell the mortgaged property to him and he

wanted to assume the indebtedness on the fountain, that when they permitted him to sign the note and assume liability on the mortgage, without the original maker's consent, by such action, under the law, the notes became void and the mortgage rendered invalid and, consequently, he should retain the soda fountain free and clear of all incumbrance. This, indeed, would be a strange doctrine of business morality if it were, as defendant claims, sanctioned by law.

Chapter 98, par. 145, section 143, Illinois State Bar Stats. 1935, provides as follows:

"Where a negotiable instrument is fraudulently or materially altered by the holder without the assent of all the parties liable thereon, it is avoided except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers." This statute reflects nothing but common honesty and business decency as it is understood. In the instant case Schalitt went to plaintiff's office and said he wanted to sign and assume the notes and mortgage, which he did. He certainly would be estopped from thereafter claiming that by so doing he had destroyed the notes and mortgage and, consequently, should be excused from paying them.

The defendant cites the case of *Keller v. State Bank of Rock Island,* 292 Ill. 553. This case does not apply.

It is quite evident that Schalitt, in signing the notes which was done at his own request, was understood to be assuming the liability on the notes, and although this could have been done more formally, still Schalitt cannot now take advantage of his own act and change his position, to the injury of the plaintiff. The mortgage was valid on its face and authorized the taking of the soda fountain, which was done. No proof was offered on behalf of the intervening petitioner, the so-called Art Drug Co., Inc. In consenting to the sale from the Thome Drugs, Inc. to Schalitt, plaintiff did

not destroy the validity of the mortgage and it was in full force and effect.

We are of the opinion that the trial court should have found the right of property in the plaintiff. The defendants in their brief say that all the evidence is in, so that there is no need of remanding the cause.

For the foregoing reasons we are of the opinion that the right of property is in the plaintiff and the judgment of the municipal court is reversed and a judgment order finding the right of property in the plaintiff The Liquid Carbonic Corporation, is entered here with costs against the defendants.

*Jugment entered here for plaintiff with costs against defendants.*

HALL, P. J., and HEBEL, J., concur.