William: B. Breuuau, Jr., J.'
Plaintiff and defendants seek summary judgment in this action upon a promissory note. The essential facts are notin dispute. -
On May' 19, 1961,' the defendants, for value, duly made and delivered to the plaintiff a demand note to its order in the sum of $17,590.72, payable at the Liberty Bank & Trust Co., in Buffalo. Between July 28, 1961 and February 16, 1962, the plaintiff received payments aggregating $6,263.57 from defendants applicable to the note.
Subsequently, on March 8,1962, the plaintiff delivered the note to Franklin National Bank (hereinafter referred to as “ the Bank ”) to present the same for payment. It informed the Bank in writing that “ Since the issuance of this note we have received payments which have paid the interest on this note through February 15,1962 and have reduced the principal amount of the note to $11,944.39.” The Bank was asked to demand payment of that sum with interest at 6% from February 16, 1962.[1]
The Bank, engaging in what it terms a usual and standard banking practice, ran a line through the numerals “ $17,590.72 ” and substituted the numerals 11 $11,944.39 ”; and another line through the words ‘1 Seventeen Thousand, Five Hundred Ninety and 72/100 ” and substituted “ Eleven Thousand Nine Hundred Forty Four and 39/100.” The Bank added its certification guaranteeing the altered amount and the note, as so altered, was transmitted to the Liberty Bank & Trust Co. for collection. The note was presented on March 14, 1962, when payment was refused. The certificate of protest contains no assigned reason for nonpayment except the words “ Payment refused.”
The defendants now resist enforcement of the note upon the ground that the aforesaid changes in the amount of the note made by the Bank, acting as agent for the plaintiff, constituted such a material alteration as vitiates the instrument. They rely upon section 206 of our Negotiable Instruments Law which defines as a material alteration “ Any alteration which changes: * * * The sum payable, either for principal or interest ” and section 205 which declares that ‘1 Where a negotiable instrument is materially altered * * * it is avoided, except as against a party who has himself made * * * the alteration ’ ’.
*1015 The plaintiff urges that the changes made in the note were necessarily and innocently made in order to reflect the amount due on the note after giving credit for payments. However, motive is of no consequence in the face of the plain language of the statute. There is, of course, ample authority that altering numerals showing the amount due upon a note and substituting new numerals to show the balance due does not constitute a material alteration. However, in every one of these cases the amount stated in words had not been altered (Morris Plan of N. Y. v. Clough, 157 Misc. 659; Philadelphia Nat. Bank v. Buchman, 314 Pa. 343; Mumford v. Coghlin, 249 Mass. 184; Agricultural Credit Assn. v. Iaccuzzo, 167 La. 230; Negotiable Instruments Law, § 36, subd. 1). However, where the alteration, as in the instant case, involves not only the amount stated in numerals but the amount stated in words, there is a material alteration which avoids the instrument, and this is true even though the alteration consists of a reduction in the amount. (Keller v. State Bank of Rock Is., 292 Ill. 553.)
In Keller, the payee of a check was a savings bank which authorized its depository to reduce the amount stated in the check. This was accomplished by drawing a line through the amounts written in the body of the check and through the figures in the margin and writing above them in red ink the corrected amounts. The depository also wrote on the back of the check the statement that the amount had been changed by it and guaranteed the reduced amount, in much the same form as the Franklin National Bank in the instant case made its notation on the altered note. The court held that there was a material alteration of the negotiable instrument by a party to it without the consent of the maker which rendered the instrument void, and then went on to say: “It is immaterial whether the alteration is injurious or beneficial to the party who is liable on the instrument. Reducing the amount without the maker’s knowledge will avoid the instrument. * * * The question is not whether the change is injurious or beneficial to the maker of the instrument, but does it materially affect his rights? ” (Id., p. 557.)
Under these circumstances, and despite the fact that the court finds no evidence of a fraudulent or evil purpose on the part of either the plaintiff or its agent, the court is compelled to hold the defense good, and that defendant is accordingly entitled to summary judgment dismissing the complaint. This disposition is made without prejudice to such other rights as the plaintiff may have against the defendants otherwise than upon the note itself. No cause of action is asserted in the present complaint except one based upon the note.

. It must be observed that the note itself bore no reference to interest. Consequently no interest could accrue upon it until demand for payment was made or action brought (Van Vliet v. Kanter, 139 App. Div. 603). Perforce, the result is that all of the payments made prior to March 8, 1962, and so prior to any demand for payment, were applicable solely to principal, making the balance due on that date $11,327.15 (i.e., face of $17,590.72 less payments of $6,263.57). Plaintiff concedes the proposition that interest runs only from the time of default and has modified its original demand accordingly.